**The WACKENHUT CORPORATION,**
**Plaintiff,**

**v.**

**UNION DE TRONQUISTAS DE PUERTO RICO, LOCAL 901, Affiliated to International Brotherhood of Teamsters, Chauffers, Warehousemen and Helpers of America, Defendant.**

**Civ. No. 619–71.**

United States District Court,
D. Puerto Rico.

Sept. 24, 1971.

---

McConnell, Valdes, Kelly & Sifre, San Juan, P. R., for plaintiff.

Angel T. Berríos Pagán, Puerto Nuevo, and Francisco L. García, Santurce, P. R., for defendant.

## DECISION AND ORDER GRANTING PRELIMINARY INJUNCTION

TOLEDO, District Judge.

This cause came to be heard upon a verified complaint requesting the issu-ance of a temporary restraining order prohibiting defendant union from proceeding with an action in the courts of Puerto Rico wherein said defendant had, on August 17, 1971, obtained without notice a temporary restraining order enjoining the Wackenhut Corporation, a security agency, from providing guard services during a labor dispute between defendant union and Lock Joint Pipe Company.

Defendant union's application for preliminary injunction was scheduled before the San Juan Division of the Superior Court of Puerto Rico for August 25, 1971.

On August 24, 1971, this Court issued a temporary restraining order prohibiting Unión de Tronquistas de Puerto Rico (Teamsters) Local 901, from proceeding further with the action of Roberto Capllonch y Unión de Tronquistas de Puerto Rico, Local 901 vs. Lock Joint Pipe Co. of Puerto Rico, Cía de Guardias de Sequridad Desconocida, John Doe c/p Sargento Rodríguez, (Civil Num PE71-1545) in the courts of Puerto Rico.

Defendant union was ordered to appear before this Court on August 30, 1971 to show cause why a preliminary injunction should not be issued against it in this case, pending a judgment by this Court in the complaint and request for Permanent Injunction filed by plaintiff.

On August 30, Plaintiff appeared. Defendant union did not. The Court, pursuant to Rule 65 of the Federal Rules of Civil Procedure, indicated that plaintiff must proceed with its proof. In the absence of the need for evidentiary proof, and since the issue is one of law, the Court requested from both parties the filing of memoranda by Thursday, September 2, 1971.

On August 31, 1971, defendant filed its answer and motion to dismiss. On September 3, 1971, the Court's Temporary Restraining Order expired by its own terms.

Upon the pleadings, and having reviewed the memorandum submitted by plain-

tiff, the Court, being duly advised, makes the following

## FINDINGS OF FACT

1. Plaintiff is a Florida corporation, authorized to do business in Puerto Rico, where it is engaged in offering guard and security services to industry.

2. Defendant is a labor organization which represents employees with respect to wages, hours and working conditions in Puerto Rico.

3. On September 10, 1965, plaintiff Wackenhut filed Suit Civil No. 395–65 in the United States District Court for the District of Puerto Rico (The Wackenhut Corporation et al. v. Salvador Rodríguez Aponte et al), seeking a declaratory judgment to the effect that Law 108 of the Laws of Puerto Rico of 1965 (25 L.P.R.A. § 285 et seq.) was unconstitutional under the Constitution of the United States. A three judge court was ordered convened.

4. On September 17, 1965, the United States District Court for the District of Puerto Rico (Mathes, J.) issued a temporary restraining order in Civil No. 395–65, whereby it enjoined both the Secretary of Justice and Superintendent of Police of Puerto Rico from in any manner enforcing Law 108.

5. On June 23, 1966 a three judge District Court for the District of Puerto Rico issued an opinion in which it abstained from ruling on the constitutionality of the aforementioned Law 108, pending commencement by plaintiff Wackenhut of a suit for declaratory judgment in the courts of Puerto Rico, in order to initially determine there the constitutionality of Law 108. In that opinion (266 F.Supp. 401), the Court noted that Law 108 presented "difficult questions of constitutional due process" (at Page 404). The Court further specifically left in effect the restraining order of September 17, 1965. It is presently in effect and has never been revoked.

6. On March 13, 1967, the Supreme Court of the United States affirmed the judgment of the three judge court, Wackenhut Corp. et al. v. Aponte et al., 386 U.S. 268, 87 S.Ct. 1017, 18 L.Ed.2d 37.

7. On March 29, 1967, Wackenhut instituted suit Civil No. 67–1683 in the San Juan Division of the Superior Court of Puerto Rico, a declaratory judgment proceeding seeking to have Law 108 declared unconstitutional in accordance with the dictates of the three judge court in the case of Wackenhut Corp. v. Aponte, D.C., 266 F.Supp. 401.

8. On September 12, 1969, the Superior (trial) Court held Law 108 constitutional. The case is now pending before the Supreme Court of Puerto Rico on appeal (Case No. 0–70–81).

9. On August 17, 1971, Teamsters began its action in the local court, which has resulted in the issue now pending before this Court.

Based upon the above findings of fact, the Court hereby makes the following

## CONCLUSIONS OF LAW

### A. The Court's Jurisdiction

Plaintiff has invoked 28 U.S.C.A. § 1343, 2283 and 42 U.S.C.A. § 1983. 28 U.S.C.A. § 1343(3) grants this Court original jurisdiction of any civil action "to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

42 U.S.C.A. § 1983, provides that:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

28 U.S.C.A. § 2283, provides that: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

It is this Court's opinion that plaintiff has made out a cause of action under 42 U.S.C.A. § 1983, and that both under that section and 28 U.S.C.A. § 2283, injunctive relief is warranted.

B. *The Cause of Action under 42 U.S. C.A. § 1983*

*42 U.S.C.A. § 1983 is part of the early* 1871 Civil Rights Act, a statute which the U. S. Supreme Court stated must be accorded a "sweep as broad as its language" United States v. Price et al., 383 U.S. 787, 801, 86 S.Ct. 1152, 1160, 16 L.Ed.2d 267 (1966).

Three questions arise in connection with Wackenhut's attempt to invoke § 1983: Whether this section may be invoked by a corporation, whether this section encompasses the type of right which Wackenhut asserts, and whether this section may be invoked against someone not a government official, *i. e.,* Teamsters Local 901. The Court finds affirmatively in all three instances.

■ In Adams v. City of Park Ridge, 293 F.2d 585 (7th Cir. 1961) the Court squarely held that a corporation was within the term "other person" in § 1983. Said the Court (at 587):

"For our present purposes, we limit our inquiry to whether the words 'other person' include a corporation which seeks to preserve its rights under the due process and equal protection clauses of section 1 of the fourteenth amendment, which are relied upon by the corporate plaintiff here. We hold in the affirmative."

For two cases in this District Court in which a corporation was permitted to invoke § 1983 without question, see Inmobiliaria Borinquen, Inc. v. García Santiago, 295 F.Supp. 203 (D.P.R.1969) (Cancio, J.) and Toa Baja Development Corporation v. García Santiago, 312 F. Supp. 899 (D.P.R.1970) (Fernández Badillo, J.).

■ Second, the Court concludes that the right which Wackenhut asserts is encompassed by § 1983. As noted by the three judge court, "[Wackenhut] allege(s) that the Private Detectives Act of Puerto Rico deprives . . . (it) of liberty, property and livelihood without due process of law in violation of the Constitution of the United States . ." Wackenhut's essential objections in that case are the prohibitions in the Act which apply to it but not to guards or detectives employed other than by a security agency.

Clearly, the trend is to permit alleged violations such as those claimed by Wackenhut to be brought within 42 U.S.C.A. § 1983. In *Inmobiliaria,* supra, Chief Judge Cancio stated (at 206 of 295 F.Supp.):

"Moreover, the contention presented by Defendants in oral argument that civil rights remedial statutes are not properly available for the protection of the rights which Plaintiff seeks to protect in this action appears to be entirely inapplicable in this case in view of the fact that the Complaint alleges that a taking of the Plaintiff's property without just compensation has been accomplished by the acts complained of. Furthermore, the Complaint alleges that this alleged taking of the Plaintiff's property without just compensation has caused severe damages and setbacks to the Plaintiff's lifeline and threatens its source of income and its existence. Some cases which have been referred to the Court as holding that mere property or monetary rights are not civil rights within the context of the Civil Rights Act and which arise chiefly in state property tax assessment matters, are inapposite to the factual situation presented by the Complaint in this case in that the thrust of the Complaint in this case is that a violation of the constitutional protection accorded to citi-

zens not to have their property taken without due process and without just compensation, has occurred."

See also Santiago et al. v. McElroy et al., 319 F.Supp. 284, 291 (E.D.Pa. 1970); Klim v. Jones, 315 F.Supp. 109, 115 (N.D.Cal.1970); Mansell v. Saunders, 372 F.2d 573, 576 (5th Cir. 1967).

■ Finally, this Court finds that Wackenhut may proceed against Teamsters under § 1983. In Adickes v. S. H. Kress & Co., 398 U.S. 144, at 170, 90 S.Ct. 1598, 1615, 26 L.Ed.2d 142 (1970), the U. S. Supreme Court made it clear that "discriminatory acts by private parties done under the compulsion of state law offend the Fourteenth Amendment" and are subject to redress under 42 U.S. C.A. § 1983. In its suit in the courts of Puerto Rico, Teamsters are clearly proceeding under compulsion of state law. Indeed, it is only by virtue of Law 108, and the local court's restraining order, that Teamsters could proceed at all.

This Court has reviewed carefully what the three judge court stated in 1966. It has reviewed the restraining order in that matter, and has concluded that it was the intention then, and it is the intention now, that Wackenhut be permitted to operate in Puerto Rico, at least until the matter of the constitutionality of that Law is resolved by the Courts of Puerto Rico.[1] To permit Teamsters to move, where the government may not, was not the intention of the three judge court.[2]

## C. The Remedy

■ Pursuant to 42 U.S.C.A. § 1983, equitable relief is available. Any question about the propriety of injunctive relief under 28 U.S.C.A. § 2283, would seem to have been already answered by the three judge court in 1966, when it left standing the restraining order. The granting of a preliminary injunction today does no more than the three judge court did in 1966.[3]

In view of the above Findings of Fact and Conclusions of Law, it is ordered

That Defendant herein, Unión de Tronquistas (Teamsters) Local 901, affiliated to International Brotherhood of Teamsters, Chauffers, Warehousemen and Helpers of America, its officers and attorneys, and all other persons acting under or in concert with them, be enjoined and restrained from seeking injunctive relief pursuant to Law 108 of the Laws of Puerto Rico of 1965 against the Wackenhut Corporation in the Courts of Puerto Rico;

This preliminary injunction shall be effective from and after 5:00 P.M., September 24, 1971 and shall remain in force and effect until the final disposition of this cause, unless before that time, there is a final disposition of the proceedings in Civil No. 0–70–81 before the Supreme Court of Puerto Rico;

Defendant's Motion to Dismiss filed on August 31, 1971, is hereby denied.

---

1. In this connection, the Court notes that, in initiating its suit in the Courts of Puerto Rico, Wackenhut specifically reserved its right to return to Federal Court with respect to Federal constitutional questions. See England et al. v. La. State Bd. of Medical Examiners et al., 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964).

2. While there is no such indication herein, the fact remains that the parties enjoined in 1965 (Justice and Police Depart-

ments) could tacitly encourage enforcement of the statute by private parties unless similar injunctive relief is available when such private parties purport to enforce Law 108.

3. Defendant's allegations in its answer with respect to Norris La Guardia 29 U.S.C.A. § 101 et seq., are without merit. Wackenhut has no labor dispute with Teamsters. Nor does what this Court does today in any way interfere with any right to strike by Teamsters, its members or supporters.