**EL MUNDO, INC., Daniel Rigau and others named in Appendix "A", and all other Management & Professional Employees of El Mundo, Inc., as representatives of their Class, Plaintiffs,**

v.

**PUERTO RICO NEWSPAPER GUILD, LOCAL 225, Affiliated with The Newspaper Guild, AFL–CIO, also known as Union De Periodistas, Artes Graficas Y Ramas Anexas, Defendant.**

**Civ. No. 167–72.**

United States District Court,
D. Puerto Rico.

June 20, 1972.

Fiddler, González & Rodíguez, San Juan, P. R., for plaintiffs.

Francisco Aponte Pérez, George L. Weasler, Alfredo Nazario, San Juan, P. R., for defendant.

1. The individual coplaintiffs who filed the instant action are said to be employees of coplaintiff, El Mundo, Inc., and representatives of their class of supervisory, management and professional employees of El Mundo, Inc.

2. An appendix to the complaint contains a list of the names of the individual plaintiffs said to be managerial and professional employees of El Mundo, Inc.

3. Article II, Section 18, of the Constitution of the Commonwealth of Puerto

# FINDINGS OF FACT AND CONCLUSIONS OF LAW

TOLEDO, District Judge.

This is an action for injunctive relief and damages filed by plaintiffs, a newspaper publisher and certain individuals,[1] against defendant labor organization, pursuant to Sections 1983 and 1985 of Title 42, United States Code and their jurisdictional counterpart, Section 1343 of Title 28, United States Code. The aforesaid remedies are sought on the alleged basis that defendant has engaged in mass picketing, violence and coercion during the course of a labor dispute with plaintiff, El Mundo, Inc., and has prevented the individually named plaintiffs,[2] and others, from ingress and egress to the physical premises of El Mundo, Inc. It is further alleged that the mass picketing, violence and coercion practiced by the defendant, its officers, members and others, are acts "under color of the Laws of the Commonwealth of Puerto Rico",[3] which have caused and are causing plaintiffs and others to be subjected to deprivation of rights secured to them by the Constitution and Laws of the United States, specifically the right to liberty, property and livelihood, without due process of law, in violation of Title 42, United States Code, Section 1983. It is finally alleged that the defendant, together with its members, officers and agents, have conspired to deprive the plaintiffs of the equal protection of the law in violation of Title 42, United States Code, Section 1985.[4]

On February 16, 1972, a Temporary Restraining Order was issued and the

Rico, in its pertinent part states the following:

"In order to assure their right to organize and to bargain collectively, persons employed by private businesses, enterprises and * * *, in their direct relationship with their direct employer shall have the right to strike, to picket and to engage in other concerted legal activities."

4. See footnote 7.

case was set for hearing on February 18, 1972. At the hearing, defendant filed a motion to dismiss the complaint and vacate the temporary restraining order. Said motion basically alleged, inter alia, that: the facts alleged in the complaint do not support a cause of action under Title 42, United States Code, Sections 1983 and 1985; the complaint fails to allege an official state action under color of the Constitution and Laws of the Commonwealth of Puerto Rico; the National Labor Relations Board has primary jurisdiction to remedy the alleged conduct charged to defendant, under Section 8(b) (1) (A) of the National Labor Relations Act; the Court lacks jurisdiction to issue temporary or permanent injunctive relief as the complaint alleges a labor dispute covered by the Norris La Guardia Act; the complaint fails to state a proper class action. At the hearing, the parties stipulated into evidence certain documents showing that El Mundo, Inc. has filed certain unfair labor practice charges with the National Labor Relations Board alleging the commission by defendant of unfair labor practices in violation of Section 8(b) (1) (A) of the National Labor Relations Act. Other documents stipulated into evidence indicate El Mundo, Inc. has filed various petitions seeking clarification, from the National Labor Relations Board, of certain job classifications which are in controversy between the parties. Oral argument was heard and the parties were granted additional time for the filing of briefs.

On the basis of the foregoing and after having fully considered plaintiffs' verified petition, defendant's motion to vacate the temporary restraining order and to dismiss the complaint, the briefs filed by counsel and the entire record of the case, the Court makes the following:

## FINDINGS OF FACT

1. Plaintiff, El Mundo, Inc., is a corporation existing under and by virtue of the Laws of the Commonwealth of Puerto Rico, where it is engaged in the publication and circulation of a newspaper under the name "El Mundo".

2. Plaintiffs Daniel Rigau and others named in Appendix A to the complaint are individuals employed in various jobs and positions by El Mundo.

3. Defendant is a labor organization representing various employees of El Mundo with respect to wages, hours and other working conditions and is so certified by the National Labor Relations Board.

4. On February 10, 1972, the defendant called a strike at the premises of El Mundo, placed pickets in the area and there has been mass picketing and violence. The strike and picketing is currently being carried on and various individual employees have been prevented from entering and leaving the premises of their employer, El Mundo, to carry on their regular duties and functions.

5. The complaint also states that the mass picketing and violence carried on by the defendant, its officers, agents and members is under color of the laws of, and specifically, under Article II, Section 18, of the Constitution of the Commonwealth of Puerto Rico. Plaintiffs complain such action deprives them of rights secured by the Constitution of the United States and deprives them of liberty, property and livelihood without due process of law in violation of Title 42, United States Code, Section 1983.

6. The complaint finally states that the defendant, together with its members, officers and agents, has conspired to deprive the plaintiffs of the equal protection of the laws in violation of Title 42, United States Code, Section 1985.

In view of the foregoing findings of fact, the Court makes the following:

## CONCLUSIONS OF LAW

■ Section 1983 of Title 42, United States Code, provides:

"Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to be sub-

jected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

In the case of Adickes v. S. H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L. Ed.2d 142 (1970), the Supreme Court was confronted with an action by a white school teacher against respondent, S. H. Kress, to recover damages under Title 42, United States Code, Section 1983. The petitioner complained that the respondent had violated her constitutional rights under the Equal Protection Clause of the Fourteenth Amendment by refusing to service her in respondent's luncheon when she was accompanied by six negro students. In relation to the elements of a Section 1983 action, the Court, at page 150, 90 S.Ct. at page 1604 expressed the following:

"The terms of § 1983 make plain two elements that are necessary for recovery. First, the plaintiff must prove that the defendant has deprived him of a right secured by the 'Constitutions and laws' of the United States. Second, the plaintiffs must show that the defendant deprived him of this constitutional right 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.' This second element requires that the plaintiff show that the defendant acted "under color of law." (cited cases are omitted by this Court).

The Supreme Court further stated that the "state action" needed to show a direct violation of petitioner's Fourteenth Amendment Rights, entitling her to relief under Section 1983, was provided by the involvement of a policeman, a state official, who arrested her for vagrancy when she left respondent's premises, in the alleged conspiracy. As to that effect, the Supreme Court, at page 152, 90 S.Ct. at page 1605 stated the following:

" * * * Although this is a lawsuit against a private party, not the State or one of its officials, our cases make clear that petitioner will have made out a violation of her Fourteenth Amendment rights and will be entitled to relief under § 1983 if she can prove that a Kress employee, in the course of employment, and a Hattiesburg policeman somehow reached an understanding to deny Miss Adickes service in the Kress store, or to cause her subsequent arrest because she was a white person in the company of Negroes.

The involvement of a state official in such a conspiracy plainly provides the state action essential to show a direct violation of petitioner's Fourteenth Amendment equal protection rights, whether or not the actions of the police were officially authorized, or lawful; Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); see United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941); Screws v. United States, 325 U.S. 91, 107–111, 65 S.Ct. 1031, 1038–1040, 89 L.Ed. 1495 (1945); Williams v. United States, 341 U.S. 97, 99–100, 71 S.Ct. 576, 578–579, 95 L.Ed. 774 (1951). Moreover, a private party involved in such a conspiracy, even though not an official of the State, can be liable under § 1983. 'Private persons jointly engaged with state officials in the prohibited action, are acting "under color" of law for purposes of the statute. To act "under color" of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents.' United States v. Price, 383 U.S. 787, 794, 86 S.Ct. 1152, 1157, [16 L.Ed.2d 267] (1966)."

In the case of Wackenhut Corporation v. Union de Tronquistas de Puerto Rico, Local 901, 336 F.Supp. 1058 (D.C.

1971), this Court was confronted in a Civil Rights' action for deprivation of Fourteenth Amendment rights, with the issue, among the many solved by the Court, whether Wackenhut Corporation could invoke Section 1983 of Title 42, United States Code, and its jurisdictional counterpart, Section 1343(3), of Title 28, United States Code, against a defendant which was not a government official, i. e. Teamsters, Local 901. In relation to this issue, this Court, at page 1062, said the following:

"Finally, this Court finds that Wackenhut may proceed against Teamsters under § 1983. In Adickes v. S. H. Kress & Co., 398 U.S. 144, at 170, 90 S.Ct. 1598, 1615, 26 L.Ed.2d 142 (1970), the U.S. Supreme Court made it clear that 'discriminatory acts by private parties done under the compulsion of state law offend the Fourteenth Amendment' and are subject to redress under 42 U.S.C.A. § 1983. In its suit in the courts of Puerto Rico, Teamsters are clearly proceeding under compulsion of state law. Indeed, it is only by virtue of Law 108, and the local court's restraining order, that Teamsters could proceed at all."

Recently, this Court, in the case of Montañiez, et al. v. Colegio de Técnicos de Refrigeración y Aire Acondicionado de Puerto Rico, et al., (Findings of Fact and Conclusions of Law entered on February 23, 1972), with relation to plaintiffs' assertion that their action for injunctive relief for deprivation of Fourteenth Amendment rights, was properly predicated upon Section 1983 of Title 42, United States Code, and its jurisdictional counterpart, Section 1343(3) of Title 28, United States Code, expressed the following:

"The requirements that the action be taken under color of state law is a 'sine qua non' requisite for the establishment of a claim for relief under Civil Right Statutes giving right of action, in tort or injunction, to every individual whose federal rights are usurped by any person acting under color of state law. Although state officers are usually the only people who can act with the authority of the state in order to be a misuse of power derived from the state, state action can be established if defendants who are not involved with the state are, notwithstanding, 'willful-participant in joint activity with the state or its agents.' United States v. Price, 383 U. S. 787, 793 [86 S.Ct. 1152, 16 L.Ed.2d 267] (1966); Bryant v. Donnell, 239 F. Supp. 681 ([D.C.] 1965).

'Test of color of law can rarely be satisfied in the case of anyone other than a state officer.' Weyandt v. Mason's Stores, Inc., 279 F.Supp. 283 ([D.C.] 1968).

This Court is aware of the fact that some cases have implied that private individuals who join or cooperate with state officers acting under color of state law may be subjected to civil liability under Section 1983, but in this case plaintiffs have failed to allege that defendants, Colegio and its officers and codefendant Board of Examiners, have acted 'in willful concert' so as to come within the judicial requirements of the Civil Right Act. United States v. Guest, 383 U.S. 745, [86 S.Ct. 1170], 16 L.Ed. [2d] 239 (1966).

We have seen that the amended complaint is completely devoid of allegations that the Colegio and Board have acted in willful concert against plaintiffs in this case.

As it has been established that Colegio de Técnicos de Refrigeración y Aire Acondicionado de Puerto Rico; Pedro Rivera Rojas; Salvador Maldonado; Enrique Serrano and Board of Examiners of Refrigeration and Air Conditioning Technicians of the Commonwealth of Puerto Rico and its members Fernando L. Pérez; José W. Alvarez; Benjamín Texeira; Luis A. del Valle and Jorge E. Quiñones, are a private association and persons, respectively, they cannot be liable under Section 1983 because they did not act under color of law as required expressly by Section 1983.

Plaintiffs also complain that Colegio received its charter or license to act in

relation to plaintiffs by codefendant Board of Examiners, which is an instrumentality of the Commonwealth of Puerto Rico. In that connection, plaintiffs claim that the Board of Examiners and Colegio acted pursuant to Law Number 36, supra, but this Court is persuaded that merely acting under state license or charter is not a state action within the context of the civil rights laws. Weyandt, supra; Van Daele v. Vinci, 294 F. Supp. 71 ([D.C.] 1968).

More than that must be alleged. It must be alleged that defendants, who are private persons, and a private institution, acted in conspiracy with a state officer against plaintiffs' rights, privileges and immunities. Haldane v. Chagnon, 345 F.2d 601 ([9 Cir.] 1965); Shakespeare v. Wilson, [D.C.], 40 F.R.D. 500, 504–505.

Accordingly, we conclude that defendants Colegio de Técnicos de Refrigeración y Aire Acondicionado de Puerto Rico, Pedro Rivera Rojas, Salvador Maldonado, Enrique Serrano and Board of Examiners of Refrigeration and Air Conditioning Technicians of the Commonwealth of Puerto Rico and its members, Fernando L. Pérez, José W. Alvarez, Benjamín Texeira, Luis A. del Valle and Jorge E. Quiñones' action as to plaintiffs, was not done under the color of state law or state authority under the ambit of the allegations of the amended complaint and under the judicial precedents herein mentioned that this Court considers applicable to the facts and circumstances of this case."

▮ In the case herein, the rights of which the plaintiffs are being allegedly deprived of are the right to liberty, property and livelihood guaranteed by the Fourteenth Amendment to the Constitution of the United States. Where, as here, Fourteenth Amendment rights are allegedly being infringed, the deprivation must take the form of "state action". To see whether plaintiffs have adequately alleged "state action" we refer ourselves to the pertinent allegations in plaintiffs' complaint. Said allega-

tions are reflected in the following paragraphs of the complaint:

"6. Since on or about February 10, 1972, the defendant, through its representatives, officers, agents, members and all other persons acting in concert with them has engaged in acts of mass picketing, violence and coercion, primarily in the immediate area of plaintiff, El Mundo, Inc.'s premises at Franklin D. Roosevelt and Carlos Chardón (also known as Bolivia) Avenues at Hato Rey, San Juan, Puerto Rico. Said acts have been directed at plaintiff Daniel Rigau and those plaintiffs set forth in Appendix 'A' and the class which they represent, and have impeded their ingress or egress from El Mundo, Inc.'s premises and the carrying out of their normal duties throughout the Island of Puerto Rico, as evidenced by affidavits attached to and made part of this complaint.

7. Defendant, through its officers, agents and members has engaged in the foregoing acts under color of the laws of the Commonwealth of Puerto Rico and specifically Article II, Section 18 of the Constitution of the Commonwealth of Puerto Rico.

8. Defendant, through its officers, agents and members, acting pursuant to Article II, Section 18 of the Constitution of the Commonwealth of Puerto Rico, has caused plaintiff El Mundo, Inc. and plaintiff Daniel Rigau and those plaintiffs set forth in Appendix "A" and the members of the class therein represented to be subjected to deprivation of rights secured by the Constitution and laws of the United States specifically the right to liberty, property and livelihood, without due process of law, in violation of 42 U.S. C.A. Sec. 1983."

The above stated allegations do not satisfy the "state action" requirement, indispensable element in Title 42, United States Code, Section 1983's action predicated upon alleged deprivations of rights guaranteed by the Fourteenth Amend-

ment of the Constitution of the United States. There is no allegation that, in this lawsuit against a private party, the defendant has reached any understanding with any state official to deprive the plaintiffs of their Fourteenth Amendment rights. See Adickes v. Kress, supra, 398 U.S. at page 152, 90 S.Ct. 1598. Neither is the requirement satisfied when the above stated assertions are read in conjunction with the affidavits attached to the complaint.

■ In addition to the "state action" requirement of the Fourteenth Amendment to the Constitution of the United States, pertinent in the case herein, we already said that Title 42, United States Code, requires that there must be an assertion in the complaint that defendant's action is "under color of any statute, ordinance, regulation, custom, or usage of any State or Territory", that is, that plaintiffs must show the defendant acted "under color of law".[5] See Adickes v. Kress, supra, at page 150, 90 S.Ct. 1598.

In the case herein, plaintiffs cite no law or regulation of the Commonwealth of Puerto Rico, nor has search by this Court found any such authority upon which defendants are acting, "under color" of which defendants may be charged with violating rights of plaintiffs.

To the extent plaintiffs urge that defendants acting under Article II, Section 18 of the Constitution of the Common-

wealth in exercising rights therein guaranteed are in turn depriving plaintiffs of rights, privileges or immunities secured by the federal Constitution, such meaning can neither be read into nor interpreted from the Commonwealth Constitution.[6]

The Court is, therefore, of the opinion that no fair reading of the allegations in the complaint before us, even when read in conjunction with the attached affidavits, brings them within the meaning of the statutory language of Title 42, United States Code, Section 1983. No well pleaded facts establish this Court's jurisdiction and state a cause of action under Section 1983 and, therefore, this cause of action must be dismissed for failure to state a claim upon which relief can be granted.

## II

■ Plaintiffs also allege a violation of Section 1985(3) of Title 42, United States Code. This Section reads in part:

"If two or more persons in any State or Territory conspire or * * *, for the purpose of depriving, either directly or indirectly any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; * * *; in any case of conspiracy set forth in this section, if one

5. In this Court's opinions in the cases of Wackenhut Corporation v. Union de Tronquistas de Puerto Rico, Local 901, supra, ánd Montañez, et al. v. Colegio de Técnicos de Refrigeración y Aire Acondicionado de Puerto Rico, et al., the difference between the requisite "acting under color of state law" and the "state action" element needed to establish a Section 1983's action when a private party is the defendant and a plaintiff alleges he is being deprived of rights guaranteed to him by the Fourteenth Amendment to the Constitution of the United States, has not been clearly established. In some instances, this Court's expressions reflect the traditional indiscriminate use of both terms. We have endeavored now to present a clear distinction between the concepts and their application. In the man-

ner in which our previous opinions reflect an inappropriate exposition of the concepts, they are today corrected in this case.

6. This Court does not see in the complaint which facts will show that the defendants are acting under color of law. It is conceded that the Constitution of the Commonwealth of Puerto Rico gives the defendant the right to strike and to picket, but it does not give the defendant union the right to prevent ingress or egress to any specific person from any specific plant or business. It is the opinion of the Court that if the plaintiffs herein could prove the truthfulness of their allegations, these facts could only prove that the union would be acting contrary to the law and not "under color of law".

or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have a cause of action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."

With ·respect to Title 42, United States Code, Section 1985(3)'s action, the Supreme Court, in the case of Griffin et als. v. Breckenridge et al., 403 U. S. 88 at page 102, 91 S.Ct. 1790 at page 1798, 29 L.Ed.2d 338 (1971), stated the following:

"\* \* \* To come within the legislation a complaint must allege that the defendants did (1) "conspire or go in disguise on the highway or on the premises of another" (2) "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." It must then assert that one or more of the conspirators (3) did, or caused to be done, "any act in furtherance of the object of [the] conspiracy," whereby another was (4a) "injured in his person or property" or (4b) "deprived of having and exercising any right or privilege of a citizen of the United States."

The only reference in the pleadings to a conspiracy by the defendants is contained in Paragraph 9 of plaintiffs' complaint, which reads in its entirety as follows:

"Defendant, together with its members, officers and agents, has conspired to deprive the plaintiff, El Mundo, Inc. and plaintiff Daniel Rigau and those plaintiffs set forth in Appendix "A" and the members of the class therein represented, of the equal protection of the laws in violation of 42 U.S.C.A., Section 1983." [7]

No factual allegation is contained in the foregoing pleading of plaintiffs' complaint which would justify the broad conclusion it asserts. A pleading is not sufficient to state a cause of action under the Civil Rights Act if its allegations are but conclusions. See Place v. Shepherd (6 Cir. 1971) 446 F.2d 1239, 1244. Plaintiffs failed to fully allege, with particulars, in the complaint, how the defendant has conspired to deprive them of the equal protection of the laws. They have failed to assert overt acts carried by the defendant in furtherance of the alleged conspiracy. Powell v. Workmen's Compensation Board of State of New York (2 Cir. 1964) 327 F.2d 131, 137 and cases cited therein; Weise v. Reisner (D.C.Wis. 1970) 318 F.Supp. 580, 584. The Court of Appeals for the Ninth Circuit, in the case of Hoffman v. Halden, 268 F.2d 280 (1959), has properly expressed the importance of asserting overt acts carried in furtherance of an alleged conspiracy. In so doing, that Circuit Court said, at page 295, the following:

"In a criminal conspiracy, the conspiracy is the gist of the crime and the function of the overt act is to

7. Although this allegation expresses there has been a conspiracy to deprive the plaintiffs of the equal protection of the laws in violation of Title 42, U.S.C., Section 1983, we take it to mean in violation of Section 1985(3), specially when it is under paragraph 8 of the complaint that the Section 1983 cause of action is asserted and that it is Section 1985(3) the one that protects against conspiracies to deprive persons of the equal protection of the laws. If said allegation is to be read as to mean a conspiracy in violation of Section 1983 of Title 42, United States Code, our opinion in Montañez, et al. v. Colegio de Técnicos de Refrigeración y Aire Acondicionado de Puerto Rico, et al. supra, will be dispositive, for there is no assertion that the defendant, together with its members, officers and agents, all of whom are private persons, have acted in conspiracy with a state officer who clearly acted under color of law, against plaintiffs rights, privileges and immunities.

show that the agreeing or conspiring has progressed from the field of thought and talk into action. It completes the offense. (Citations omitted by this Court).

In a civil conspiracy, the conspiracy itself is not a cause of action, without overt acts, because again it is the overt act which moves the conspiracy from the area of thought and conversation into action and causes the civil injury and resulting damage. Accordingly, the cases hold that the damage in a civil conspiracy flows from the overt acts and not from the conspiracy. (Citations omitted by this Court).

Therefore, the certainty we look for in a proper complaint under the Civil Rights Statutes, is not in the general allegations of conspiracy, purpose, intent * * * but the certainty and substance in the particular acts which are alleged to have caused damage. The real question is whether or not the * * * complaint, * * *, sets forth with certainty facts showing particularly what a defendant or defendants did to carry the conspiracy into effect, whether such acts fit within the framework of the conspiracy alleged, and whether such acts, in the ordinary course of events, would proximately cause injury to the plaintiff.

If sufficient allegations appear of the acts of one defendant among the conspirators, causing damage to plaintiff, and the act of the particular defendant was done pursuant to the conspiracy, during its course, in furtherance of the objects of the conspiracy, with the requisite, purpose and intent * * *, then all defendants are liable for the acts of the particular defendant under the general principle of agency on which conspiracy is based." (Cited cases omitted by this Court).[8]

Paragraph Sixth of plaintiffs' complaint, as can be seen from our previous discussion of plaintiffs' Section 1983 cause of action, states the acts that have been done by the defendant since February 10, 1972, date at which the strike at El Mundo, Inc. began. It further states that said acts are directed at plaintiffs, impeding their ingress and egress from the premises of El Mundo, Inc. and the carrying out of their normal duties throughout the Island of Puerto Rico, as evidenced by affidavits attached to the complaint. The Court has read all the attached affidavits and is of the opinion that said affidavits do not establish the necessary elements to justify the assertion of a conspiracy by the defendant, together with its members, officers and agents, to deprive plaintiffs of the equal protection of the laws. The affidavits only state the events that occurred to the person making the statement when he tried to enter or leave the premises of El Mundo, Inc., or the problems faced in view of the conduct of the defendant in the strike.

■ Furthermore, in a case like the one herein, wherein a private conspiracy is alleged to sustain a cause of

---

8. This Court approves the Circuit Court expressions we adopt, with relation to the importance of asserting overt acts carried in furtherance of an alleged conspiracy to deprive a plaintiff of the equal protection of the laws, in violation of Title 42, United States Code, Section 1985(3). But the cited Circuit Court, in relation to the Section 1985(3) cause of action, stated that the acts complained of must be done under color of state law or authority (citing Collins v. Hardyman, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253 (1951)). This requirement is no longer sustainable in view of the Supreme Court's decision in the case of Griffin v. Breckenridge, 403 U.S. 88 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). In said decision the Supreme Court said that the constitutional impediments that influenced its construction of Section 1985(3) in the *Collins* case, supra, as is clear from more recent decisions, do not exist; thereby affirming that it is no longer determinant that defendant's acts be done under color of state law or authority.

The above reflects why in our citation and approval we skip the no longer sustainable expression.

action under Title 42, United States Code, Section 1985(3), the plaintiff will also have to assert the source of Congressional power that reaches the private conspiracy alleged in the complaint, Griffin v. Breckenridge, supra, at page 104, 91 S.Ct. 1790, as well as that the challenged conduct falls within the letter and intent of Section 1985(3). Cf. Action v. Gannon (8 Cir. 1971) 450 F.2d 1227, 1231. The critical element of a Section 1985(3) cause of action is an intent to deprive a plaintiff of the equal protection or equal privileges and immunities. The Supreme Court in the *Griffin* case, at page 102 of 403 U.S., at page 1798 of 91 S.Ct., stated that: "The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action".[9]   In this respect, it further stated: "The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all." [10]

It thus appears there must be a showing that the alleged conduct of a defendant amounts to a violation of the equal protection clause or a denial of equal privileges and immunities and has present in it an element of intentional or purposeful discrimination as required by the Supreme Court in the case of Snowden v. Hughes, 321 U.S. 1, 8, 64 S.Ct. 397, 88 L.Ed. 497 (1943).

From the foregoing, it is the opinion of this Court that the allegations asserted in plaintiffs' complaint read in the most liberal way and in conjunction with the attached affidavits, can in no way enable the plaintiffs to prove a set of facts constituting a conspiracy to deprive them of the equal protection of the laws and entitling them to relief under the statutory language of Title 42, United States Code, Section 1985(3). No well pleaded facts establish this Court's jurisdiction and a cause of action under Section 1985(3) and, therefore, this cause of action can be dismissed for failure to state a claim upon which relief can be granted.

The Court at this time is not deciding whether the Civil Rights Act is applicable to labor disputes, although no authorities in that direction have been cited or found by the Court, in its independent research. Our decision is only directed to the effect that the complaint before us has failed to state a claim upon which relief could be granted under Sections 1983 and 1985(3) of Title

9. In the *Breckenridge* case, the Supreme Court left undecided whether a conspiracy motivated by invidiously discriminatory intent other than racial bias would be actionable under the Section 1985(3)'s portion under its consideration; which is the same one under our consideration. In view of our disposition of this cause of action, we need not decide it either.

10. With relation to the purpose of the conspiracy, the Supreme Court, in the *Griffin* case, further stated, at page 102, 91 S.Ct. at page 1798, under footnote number 10, the following:

"The motivation requirement introduced by the word 'equal' into the portion of § 1985(3) before us must not be confused with the test of 'specific intent to deprive a person of a federal right made definite by decision or other rule of law' articulated by the plurality opinion in Screws v. United States, 325 U.S. 91, 103, 65 S.Ct. 1031, 1036, 89 L.Ed. 1495, for prosecutions under 18 U.S.C. § 242. Section 1985 (3), unlike § 242, contains no specific requirement of 'wilfulness'. Cf. Monroe v. Pape, 365 U.S. 167, 187, 81 S.Ct. 473, 484, 5 L.Ed.2d 492. The motivation aspect of § 1985(3) focuses not on scienter in relation to deprivation of rights but on invidiously discriminatory animus".

We take the above to mean that the doctrine requiring that plaintiffs allege an intentional and purposeful discrimination to deprive them of the equal protection of the laws, as established by the Supreme Court in the case of Snowden v. Hughes, 321 U.S. 1, 8, 64 S.Ct. 397, 88 L.Ed. 497 (1943), is still determinant. This is our position for, although the Supreme Court in the *Griffin* case did not mention the *Snowden* decision, its expressions with relation to the "invidiously discriminatory animus or intent" are not incompatible with those asserted in the *Snowden* decision.

**116**

42, United States Code and that, therefore, defendant's motion to dismiss should be granted.

In view of our decision that we lack jurisdiction under Title 42, United States Code, Sections 1983 and 1985(3), in the case before us, the Court need not explore the other issues raised by the defendant in its motion to dismiss.

In view of the foregoing, plaintiffs' petition for preliminary and permanent injunction stands dismissed as ordered by this Court's Resolution of February 24, 1972, vacating the Court's issued Temporary Restraining Order of February 16, 1972, and dismissing plaintiffs' petition, as requested by defendant's motion to dismiss.

An Order will be entered accordingly.

## ORDER

The Court, having entered today its Findings of Fact and Conclusions of Law in the above entitled case, and pursuant to said opinion, hereby enters the following order:

It is ordered, that plaintiffs' petition for preliminary and permanent injunction stands dismissed as ordered by this Court's Resolution of February 24, 1972, vacating the Court's issued Temporary Restraining Order of February 16, 1972 and dismissing plaintiffs' petition as requested by defendant's motion to dismiss.

It is so ordered.

## ORDER

Plaintiffs have on March 3, 1972, filed a Motion for Reconsideration, whereby they move this Court to reconsider its Resolution of February 24, 1972, dismissing plaintiffs' petition for preliminary and permanent injunction and vacating the Temporary Restraining Order it had issued on February 16, 1972. Defendant filed on March 27, 1972, an answer to plaintiffs' motion for reconsideration.

The Court, after duly considering plaintiffs' motion, is of the opinion that it does not present any argument not previously considered by the Court in dismissing the complaint. Our Resolution of February 24, 1972, as it is substantiated by the Findings of Fact and Conclusions of Law entered on this day, is equally dispositive of plaintiffs' motion for reconsideration.

Furthermore, our disposition of plaintiffs' Title 42, United States Code, Section 1983 cause of action, is fully supported by the recent decision of the First Circuit Court of Appeals in the case of Lavoie v. Bigwood et al., 457 F. 2d 7 (decision entered on March 3, 1972).

For the foregoing reasons, it is ordered, that plaintiffs' motion for reconsideration be and hereby is dismissed.

It is so ordered.