**FEDERACION de COOPERATIVAS de CREDITO de PUERTO RICO, Plaintiff,**

v.

**Alberto E. BURGOS, Administrator of the Cooperative Development Administration of the Commonwealth of Puerto Rico, Defendant,**

v.

**Abimael HERNANDEZ et al., Intervenors.**

**Civ. No. 536–73.**

United States District Court, D. Puerto Rico.

Sept. 14, 1973.

Federico A. Cordero, Santurce, P. R., for plaintiff.

Atty. Gen. of Puerto Rico, through Jaime A. Rodriguez, Old San Juan, P. R., for defendant.

Jaime Pieras, Hato Rey, P. R., for intervenor.

## OPINION

TOLEDO, District Judge.

This cause, stemming from receivership proceedings initiated by defendant against plaintiff, under Section 931f of Title 5, Laws of Puerto Rico Annotated, is before the Court pursuant to plaintiff's second amended complaint of July 17, 1973 (based upon Title 28, United States Code, Sections 2281 and 2284; Title 42, United States Code, Section 1983, and its jurisdictional counterpart; as well as upon several provisions of the Constitution of the United States, the Bankruptcy Act, Title 11, United States Code, Section 1, et seq., and Rule 65 of the Federal Rules of Civil Procedure); intervenors' amended complaint of August 7, 1973 (based on some jurisdictional grounds as

plaintiff's amended complaint); and defendant's motion to dismiss the complaints.

## PROCEDURAL BACKGROUND

The present cause has become a very protracted one because of the manner in which the pleadings came to the attention of the Court. On June 13, 1973, plaintiff filed a complaint seeking a declaratory judgment. Additionally, it filed an application requesting this Court to stay receivership proceedings to be initiated against it. This Court, on the same day, denied plaintiff's application and ordered the defendant to show cause why plaintiff's request should not be granted. An appearance was made by the parties on June 18, 1973, at which time plaintiff, realizing that its requested relief could only be granted by a Court of three judges, convened pursuant to Title 28, United States Code, Section 2284, announced it would file an amended complaint; thus forcing the Court to continue the hearing on its jurisdiction.

On June 21, 1973, plaintiff filed the amended complaint seeking declaratory and injunctive relief and, on June 22, 1973, filed a petition for a temporary restraining order. The defendant, on June 22, 1973, filed a memorandum of law which this Court considers as a memorandum in support of an oral motion to dismiss the amended complaint for lack of jurisdiction. On June 25, 1973, plaintiff filed a memorandum in support of its amended complaint. On a hearing held on June 27, 1973, plaintiff's counsel again requested permission to file amended complaint; this time to allege a denial of due process on the part of defendant as a cause of action under Title 42, United States Code, Section 1983. The Court granted the request and continued the hearing. On the same hearing, the Court, in view of the fact that the administrative hearing then scheduled by defendant was continued, postponed its consideration of the motion for temporary restraining order.

The announced second amended complaint was filed by plaintiff on July 2, 1973, with a memorandum of law in support of the due process contentions. A reply to plaintiff's due process contention was filed by defendant on July 13, 1973.

The case was again called on July 18, 1973 for a hearing, at which opportunity the members of the Board of Directors of plaintiff requested and were granted leave to file an intervenors' complaint seeking declaratory and injunctive relief. Plaintiff, on July 30, 1973, filed a second memorandum of law on the procedural due process contentions and on July 31, 1973, defendant submitted his final memorandum in support of his motion to dismiss plaintiff's complaints, as well as intervenors (who reiterated all stated and alleged by plaintiff). The intervenors, on August 7, 1973, filed an amended complaint with a supporting brief.

On August 16, 1973, defendant filed a motion for appropriate relief. The Court set the motion for hearing on September 4, 1973. As a result of a conference in chambers on the last set date, mentions on the part of plaintiff of events not alleged in its second amended complaint, are to be entertained by this Court as additions to the allegations of the said amended complaint.

## BASIC FACTS

This cause originates from the fact that by letter of June 7, 1973, defendant Alberto E. Burgos, acting in his official capacity as Administrator of the Cooperative Development Administration, advised plaintiff that, in view of the results of an investigation performed by the Inspector of Cooperatives of Puerto Rico concerning certain business transactions carried out by plaintiff, he had decided to institute receivership proceedings against it, under the provisions of Section 7 of Act No. 89 of 1966, Title 5, Laws of Puerto Rico Annotated, Section 931f. Plaintiff then sought judicial protection by filing this action.

## THE CAUSE OF ACTION UNDER SECTION 2281 OF TITLE 28, UNITED STATES CODE

Plaintiff and intervenors pray that this Court convene a three judge court pursuant to Title 28, United States Code, Section 2284, to have Section 7 of the Act No. 89 of 1966, Title 5, Laws of Puerto Rico Annotated, Section 931f,[1] declared unconstitutional. The mentioned Section is said to be unconstitutional because, movants allege, Congress has placed the matter covered by the Section under a single uniform federal regulatory scheme, the Bankruptcy Act, Title 11, United States Code, Section 1, et seq. Accordingly, movants also pray that the intervention of the Administrator of the Cooperative Development Administration be declared, by the three judge court, to be prohibited by the alleged preemption of the field by the Bankruptcy Act; and that the three judge court issue a preliminary and permanent injunction against the enforcement of the Act. Meanwhile, they request this Court issue a temporary restraining order restraining defendant, his agents or employees, from initiating receivership administrative proceedings, against them until a hearing is held before a three judge court on their application for injunctive and declaratory relief.

This Court has repeatedly stated: that whenever a petition to convene a three judge court pursuant to Section 2284 of Title 28, United States Code, is filed before it, the original inquiry it has to make before it decides to convene the requested court is whether the complaint complies with the requirements of the statute involved, (in this case of Section 2281 of Title 28, United States Code); that we are obliged to treat the statutes of the Commonwealth of Puerto Rico as if Puerto Rico were a state for purposes of Section 2281 jurisdiction; that the state statute challenged must be challenged so that a substantial constitutional claim be at issue; and that the challenged statute must have a statewide applicability, Marin v. University of Puerto Rico (D.C.P.R.1972), 346 F. Supp. 470, 481–482; Suarez v. Administrador Del Deporte Hipico (D.C.P.R. 1972), 354 F.Supp. 320, 323.

█ In the present case, we recognize that the challenged statute has a statewide applicability. But we fail to recognize that plaintiff has raised a substantial federal constitutional claim in its challenge to the statute.

█ The fact that cooperative associations are among the persons who fall under the jurisdiction of the Federal Bankruptcy Act, does not mean that the receivership proceedings contemplated by the local statute challenged herein are within the exclusive province of the federal jurisdiction and preempted by the Federal Bankruptcy Act.

The challenged statute obeys to the public policy of the Commonwealth of Puerto Rico of protecting the economic integrity of cooperatives. Being the cooperatives, authorized and created under laws of the Commonwealth of Puerto Rico, creatures of state legislation, the local government has the duty and the power to insure that the institutions it

---

1. The mentioned Section reads in the pertinent part:

"If as a result of an examination made by the Office of the Inspector of Cooperatives, and after an administrative hearing of the affected parties, the Cooperative Development Administrator shall have evidence that a cooperative is not in sound economic condition to continue doing business, or *that it is managed in such a manner that its members, or the persons and entities having funds or securities in said cooperative are in jeopardy of being defrauded,* on petition of the members, the Board of Directors, or on petition of the parties or motu proprio, the Administrator, may appoint a receiver, who shall manage the cooperative pursuant to the regulations promulgated hereunder by the Administrator. (emphasis ours)

The receivership shall terminate with the total liquidation of the cooperative, if necessary, but when the operations of such cooperative will, in the judgment of the Administrator, permit it, he shall return the management thereof to its duly elected and appointed officers and officials, under such circumstances as the Administrator may stipulate."

has created function and operate within the proper limits imposed by the pertinent statutes, and in consonance with the public policy and public interest that permits their existence.

It is our opinion that the challenged statute's subject matter is not within the purview of the Bankruptcy Act. That receivers may be appointed in bankruptcy proceedings does not mean that the receivership proceedings contemplated in the challenged statute are within the purview of the Bankruptcy Act. The Bankruptcy Act ordinarily only operates whenever a voluntary or involuntary bankruptcy petition is filed, initiating a bankruptcy proceeding, to have a person (which could be a cooperative association), adjudged a bankrupt. The Bankruptcy Act is a remedial legislation designed for a purpose different to the one moving the challenged statute. We are not dealing herein with a plaintiff that under its present circumstances comes before the protection of the Bankruptcy Act. Nowhere has it been charged that the plaintiff is in a bankrupt or insolvent financial condition. The record, to the contrary reveals plaintiff is in a sound economic condition. Accordingly, at no time it could be said that we are faced with a situation contemplated and preempted by the Bankruptcy Act.

All that the challenged statute provides is a receivership mechanism that helps the attainment of the public policy and public interest behind the statute. To achieve the public policy defendant need not wait until a bankruptcy arises.

In view of the foregoing expressed, we fail to see how could the action of the defendant conducted pursuant to the challenged statute must be enjoined and prohibited as contrary to the Bankruptcy Act. We, likewise, fail to see that the Bankruptcy Act is applicable to the situation at bar and that the challenged statute invades the·exclusive federal regulation of the matter. Accordingly, we are of the opinion that plaintiff and intervenors have failed to make a substantial federal constitutional challenge of the statute.

## THE CAUSE OF ACTION UNDER SECTION 1983 OF TITLE 42, UNITED STATES CODE

Plaintiff and intervenors, also pray that this Court declare it enjoys jurisdiction under Section 1983 of the Civil Rights Act. They additionally pray that we issue a preliminary and a permanent injunction restraining the defendant, its agents or employees, from initiating receivership administrative hearings against plaintiff until the final disposition of this cause.

Almost all of plaintiff's and intervenors' contentions, based on the Civil Rights Act, consist of procedural due process challenges on the actions of Alberto E. Burgos, Administrator of the Cooperative Development Administration (defendant herein) during and along the investigation that have originated the initiated receivership proceedings. It is charged that defendant has participated actively by himself or through his immediate staff during the process of the investigation carried on by the Inspector of Cooperatives in violation of plaintiff's and intervenors' procedural due process rights. Accordingly, they charge that defendant has contaminated his judging capacity by such inconsistent functions as prosecuting, advocating and investigating. They also charge that the exhibits presented attest to their due process challenge. Likewise, they charge that bias on the part of defendant, Alberto E. Burgos, is demonstrated in a sense of prejudgment concerning issues of fact about the parties in a particular case; as well as in the sense of a personal prejudice against a party.

Plaintiff, on the second memorandum it filed on July 30, 1973 in support of the due process challenges, adds additional elements to said due process challenges. It therein asserts that six joint exhibits filed before the Court on July 18, 1973, which reflect communications between the Inspector of Cooperatives,

Mr. Hector Zayas Chardon and defendant, show in a clear cut fashion defendant's bias and active participation in the investigation conducted by the Inspector of Cooperatives, which culminated in the receivership petition; and that he has developed a state of mind incompatible with objective impartiality. Furthermore, it therein asserts that the letter of June 22, 1973 (Plaintiff's Exhibit 2), sent by defendant to the Board of Directors of plaintiff, reflects, in the perspective plaintiff's sees it, that behind the actions of defendant lies a bad faith and that he intends to harass the Board of Directors and Administrators of plaintiff.

Intervenors have on their amended intervenors' complaint of August 7, 1973, made allegations to establish an animosity on the part of the Inspector of Cooperatives, Mr. Hector Zayas, not a defendant herein, and plaintiff's president and has further alleged that Mr. Zayas and defendant, Alberto E. Burgos, have entered into a conspiracy to eliminate plaintiff's president from the presidency of plaintiff's organization and from the Bank of Cooperatives, whose Board of Directors he presides, or from both; and that in order to press their purpose they have both acting in accord to institute the receivership proceedings,[2] and in such a way have prejudged all facts and conclusions and have shown their bias. Similar assertions appear on plaintiff's second memorandum of July 30, 1973, either directly or by implication. Accordingly, intervenors on their memoranda of August 7, 1973, assert the above stated constitutes additional evidence of the alleged bias.

Correspondingly, plaintiff and intervenors allege that the allegations contained in their complaints satisfy .the requirements of Section 1983 of Title 42, United States Code, as evidenced in

Adickes v. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1971) and El Mundo, Inc. v. P. R. Newspaper Guild (D.C.P.R.1972), 346 F.Supp. 106.

Furthermore, plaintiff and intervenors allege that federal declaratory and injunctive relief is available to them, notwithstanding the principles of equity, comity and federalism that must restrain a federal court when asked to enjoin a state court or state administrative proceeding, as they were recently enunciated in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its companion cases, as well as in Gibson v. Berryhill, 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973). They also allege they have clearly shown to the court the necessary irreparable injury, great and immediate, the plaintiff will suffer, if their request is not granted.

■■ We are in accord with plaintiff and intervenors that whenever a good cause of action is asserted under the Civil Rights Act, administrative remedies need not be exhausted. See e. g. Marin v. University of Puerto Rico, supra, 346 F.Supp. at 476. Cf. Gibson v. Berryhill, supra, 411 U.S. at 574, 93 S.Ct. at 1696. We are also in accord the actions brought under the Civil Rights Act are exempt from the federal anti-injunction statute, Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972).

■ But we fail to find in this cause the extraordinary circumstances of constitutional implications needed for this Court to interfere with the initiated state administrative proceedings. Furthermore, we are of the opinion that adequate relief can be granted by the available local proceedings and by the available state judicial remedies.

We are not in agreement with plaintiff's and intervenors' propositions that

---

2. The intervenors charges that the background of the President of the Board of plaintiff and that of Mr. Zayas show, together with other activities, that the only purpose defendant and Mr. Zayas had in mind, by initiating the questioned receivership proceedings, was

to eliminate Mr. Abimael Hernández, President of the Board of plaintiff and that such result will satisfy their interest and will end all the administrative inquiries and receivership proceedings.

*Gibson's* rationale is available and applicable to the situation at bar. In our opinion, the evidence before the Court does not satisfy us that the proceedings ordered against plaintiff are indicative of bad faith, harassment, or other unusual circumstances, and that said proceedings are in the nature of *Gibson*. All along plaintiff's complaint we have only found conclusory allegations, allegedly supported by the introduced documentary evidence, insufficient to adequately satisfy the criteria of pleading a cause of action under Section 1983. El Mundo, Inc. v. Puerto Rico Newspaper Guild, supra, 346 F.Supp. at 113.

With respect to defendant's participation in the meeting held on February 14, 1973, referred to in the letter of March 16, 1973 (Plaintiff's Exhibit 3), this Court is satisfied, by the evidence presented, that such hearing was held at the request of one of the attorneys for plaintiff for the purpose of solving differences between the plaintiff and the Inspector of Cooperatives. At such opportunity, the defendant, at plaintiff's request, allowed said plaintiff to advance the information it contended would settle the apparent difference between it and the Inspector. Defendant's participation at said hearing was in no way in the capacity of an advocate. His participation merely obeyed to plaintiff's desire to solve the difference. It was not an investigative hearing. Said participation cannot be said to have tainted defendant's ability to make a fair and impartial evaluation of a report that may be submitted to him by the hearing examiner who will preside the administrative hearing in relation to the receivership proceedings.

In relation to plaintiff's and intervenors' charges, that the June 22, 1973 letter addressed by defendant to the Board of Directors of plaintiff reflects a state of mind on the part of defendant, incompatible with objective impartiality, reflects defendant has become an advocate for the Inspector of Cooperatives; and reflects a personal prejudice on the part of defendant, we are of the opinion that the evidence does not support such propositions. What such letter reflects is that defendant has detailed for plaintiff the various areas of the forthcoming inquiry, to permit a meaningful and adequate notice of the matters to be considered at the hearing. In no way can it be said such letter is a complaint. We are of the opinion that such letter does not reflect a preconceived opinion of the defendant. Defendant is merely notifying to plaintiff the allegations made by the Inspector of Cooperatives, whose position plaintiff was well aware of since the meeting of February 14, 1973, at the office of the defendant.

Lastly, in relation to the charges made by intevenors' amended complaint and plaintiff's last memorandum of law, it suffices to say that, in our opinion they are insufficient to support a cause of action under the Civil Rights Act, be it under Section 1983 or Section 1985 (Section which has not been invoked by the movant). They are merely conclusory allegations tending to establish, on naked assertions, that in view of offices previously held by the person therein mentioned there exists a conspiracy against Mr. Abimael Hernández, President of plaintiff's Board of Directors, and that such allegations reflect bias on the part of defendant. No evidence has come before the Court to support such allegations. The person charged to have animosity with Mr. Hernández is not a party defendant in this cause. Such allegations fail to satisfy the criteria of pleading set out by this Court in El Mundo, Inc. v. Puerto Rico Newspaper Guild, supra.

In our opinion, the evidence reveals defendant has not acted in any manner inconsistent with the due process to which plaintiff is entitled. During these proceedings plaintiff has received adequate notice of the issues involved in the to be held administrative hearing; notice which the evidence reveals would have been granted to plaintiff before the date of the hearing. Defendant's participation has been that of entertaining the petition of the Inspector

of Cooperatives and ordering the initiation of the receivership proceedings in the use of the powers conferred to him by law.

In our opinion, the irreparable injury allegations made by plaintiff and intervenors all along the presentation of this cause fail to satisfy the Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669, and Gibson v. Berryhill, supra, requirements. Relief under Rule 65 of the Federal Rules of Civil Procedure is, likewise, unwarranted. Additionally, plaintiff's and intervenors' request for a temporary restraining order is improvident. The alleged injuries, at most, are those incidental to an administrative proceeding brought pursuant to state law.

Under the circumstances of this cause, were we to entertain the merits of plaintiff's and intervenors' cause, we would be acting in disfavor of the principles of equity, comity and federalism, and will, unappropriately, find us substituting our judgment for that of a state administrative agency with respect to the interpretation of local laws and regulations, the ancillary questions brought before this Court. The interpretation of local laws and regulations under the guise of so called violations of civil rights is not enough to move us to assume jurisdiction over a subject of exclusive state competence. Borinquen Tours v. Commissioner of the Public Service Commission, Memorandum Opinion of June 22, 1972 in Civil No. 111–72. All relevant issues raised by plaintiff and intervenors herein, which they request that we decide, could be presented and should be decided by the state administrative forum. The opportunity and the forum is available to the movants and such forum could timely decide them. Its decision is likewise reviewable by the Courts of the Commonwealth of Puerto Rico.

In view of the foregoing, we are not satisfied that plaintiff has shown a good cause of action under the Civil Rights Act.

CONCLUSION

This Court is satisfied that plaintiff's and intervenors' complaints must fall and that we should not intervene, under the circumstances of this cause, with the pending administrative proceedings.

A judgment will accordingly be entered by this Court.