**INMOBILIARIA BORINQUEN, INC.,**
Plaintiff,

v.

**Ramon GARCIA SANTIAGO, the Planning Board of Puerto Rico, Francisco Lizardi, the Public Works Department of Puerto Rico, Felix Mejias, the Land Administration of Puerto Rico,** Defendants.

Civ. A. No. 533–68.

United States District Court
D. Puerto Rico.

Feb. 7, 1969.

Wallace González, of González, Jr., González, Oliver & Novak, San Juan, P. R., for plaintiff.

Jose C. Ramos Vazquez, Arturo Aponte Pares, San Juan, P. R., for defendants.

## OPINION AND ORDER

CANCIO, Chief Judge.

The Complaint in this action alleges that Plaintiff is the owner in fee simple of two parcels of land adjacent to each other, with a total area of 27,800.62 square meters, located in the Municipality of Guaynabo, Puerto Rico; that on or about July 1965, Plaintiff was informed by the Planning Board that one of the two parcels was to be condemned by the Commonwealth of Puerto Rico for the future construction of Lomas Verdes Avenue; and that on or about August 1965, the Plaintiff was also informed by the Planning Board that the other of the two parcels had to be reserved by Plaintiff for future acquisition by the Commonwealth of Puerto Rico to be utilized in the communal center of Los Frailes area.

The Complaint further alleges that in pursuance of such directives, Plaintiff has reserved the two parcels as instructed since 1965 and that notwithstanding many efforts on the part of Plaintiff to have said parcels either condemned or approved for development, the defendant officials of the Commonwealth agencies have taken no action, as a result of which, Plaintiff further alleges that the parcels have remained paralyzed or "frozen," and that Plaintiff has suffered severe damages.

Plaintiff charges that the facts outlined hereinabove constitute a taking of its property without just compensation, contrary to the Constitution of the United States, and a deprivation of its constitutional and civil rights which is ac-

tionable under the Federal Civil Rights Act. The Complaint seeks the liberation of the parcels from their present status and damages, or both.

Two motions to dismiss the complaint were filed—one on behalf of the Puerto Rico Land Administration and its Executive Director, and another on behalf of the President of the Planning Board and the Secretary of Public Works.

Extensive arguments and briefs were presented by counsel in support of, and against, the motions to dismiss.

The first argument for dismissal advanced by both motions to dismiss is that the Court lacks jurisdiction to entertain this action under 42 U.S.C.A. § 1983, which contains the main provisions of the Federal Civil Rights Legislation invoked by Plaintiff; and this argument is supplemented by the further argument that the Complaint fails to state a cause of action and that there is no substantial federal question involved.

The Court does not agree with defendants.

It should be stated at the outset that in considering motions to dismiss, it is the function of the Court to determine whether or not the well-pleaded allegations of the complaint could support the cause of action stated therein. Birnbaum v. Trussell, 347 F.2d 86 (C.C.A.2, 1965); and Eaton v. Bibb, 217 F.2d 446 (C.C.A.7, 1954) certiorari denied 350 U.S. 915, 76 S.Ct. 199, 100 L.Ed. 802 (1955).

The Civil Rights statute invoked by Plaintiff, 42 U.S.C.A. § 1983, which dates back to Reconstruction times, reads as follows:

"§ 1983. Civil action for deprivation of rights.

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and

laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. R.S. § 1979."

▮▮ Having before it a Complaint which alleges acts of Defendants in their official capacities which have paralyzed Plaintiff's property and property rights without just compensation, and, consequently, without due process, the Court cannot accept Defendants' attempt to exclude § 1983.

The availability and applicability of the Civil Rights Legislation (42 U.S.C. A. § 1983) against misuses of the power of eminent domain has been already established, in Progress Development Corporation et al. v. Mitchell et al., 286 F.2d 222 (C.C.A.7, 1961), where the Court said:

"It is our considered judgment that the complaint on its face states a federal cause of action, Snowden v. Hughes, 1944, 321 U.S. 1, 7, 8, 10, 64 S.Ct. 397, 88 L.Ed. 497; Miles v. Armstrong, 7 Cir., 1953, 207 F.2d 284, 286, and that the resale policy of plaintiffs as found by the district court does not bar them from enforcing their rights under the relevant sections of the Civil Rights Act."

Furthermore, in the case of Jiménez v. Hernández Agosto, 588–67, wherein the complaint charged misuse of condemnation powers, this Court, per Judge Kilkenny, stated:

"* * * It is my belief that the second claim or the second cause of action, however you may view it, does state a claim against the defendants under the Civil Rights Act. (November 9, 1967)."

And that ruling was reiterated in the same case by Judge Graven, on January 19, 1968:

"It is the ruling of this Court that its jurisdiction, in the case at bar, has been properly invoked pursuant to 42 U.S.C.A. 1983, 1985 and 28 U.S.C.A. 1343. Furthermore, the Complaint herein filed does state a cause of ac-

tion upon which relief can be granted under the Civil Rights Act."

The second major group of arguments advanced in the motions to dismiss center upon the sovereign immunity of the Commonwealth of Puerto Rico. The motions to dismiss broach the matter under diverse allegations and headings but, in essence, the argument is that this action is ultimately an action against the Commonwealth, and that it constitutes an attempt to interfere with the administration of lawful governmental functions of the Commonwealth.

The Court does not agree with these arguments.

▮▮ The action herein is not an action against the Commonwealth of Puerto Rico. The action is against officials of the Commonwealth acting in their official capacity, and who, as such, are not protected by the sovereign immunity.

This same question was considered by the panel of three judges who sat in this Court in Jiménez v. Hernández Agosto, 265–66, and in their opinion of November 21, 1966, the Court, relying upon the cornerstone Supreme Court decision of Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) held:

"(Footnote) 5. Two other contentions presented by the motion to dismiss may briefly be disposed of. To the defense of sovereign immunity, we observe that the complaint has been dismissed as to the Commonwealth of Puerto Rico, see n. 3 supra, and that the remaining individual defendants, who are officials of the Commonwealth purporting to act in their official capacity, are not protected by sovereign immunity. Ex parte Young. 1908, 209 U.S. 123 [28 S.Ct. 441, 52 L.Ed. 714].

The unavailability of the sovereign immunity doctrine is recognized by this Court again in 588–67, when Judge Kilkenny, after stating, as already cited above, "It is my belief that the second claim or the second cause of action, however you may view it, does state a claim

against the defendants under the Civil Rights Act," goes on to say:

I don't believe that this is an action against the Commonwealth of Puerto Rico, and I don't believe that the immunity which would wrap itself around the Commonwealth is available to those defendants.

This position was also impliedly reiterated by Judge Graven in the same case when he denied a motion to dismiss which had relied to a great extent upon sovereign immunity.

■ The supplementary argument that the suit attempts to move the Court to interfere with lawful governmental functions of the Commonwealth of Puerto Rico appears to be fully answered by the following ruling in the *Progress Development* case, supra:

* * * Relevant to the argument by the Park Board that its exercise of the power of condemnation cannot be reviewed is a recent statement by the Supreme Court:

"When a State exercises power wholly within the domain of state interest, it is insulated from federal judicial review. But such insulation is not carried over when state power is used as an instrument for circumventing a federally protected right." Gomillion v. Lighfoot, [364 U.S. 339] 81 S.Ct. 125, 130 [5 L. Ed.2d 110].

In stating herein the conclusions on the question of sovereign immunity, the Court desires to have it clearly understood that its conclusions herein do not modify or alter in any manner its opinion and order of December 30, 1968, in Alcoa Steamship Co., Inc., et al v. Concepción Pérez Pérez, D. C., 295 F.Supp. 187. In the *Alcoa* case, the Court concluded that the action was one against the Commonwealth itself and that, consequently, the doctrine of sovereign immunity was a proper and complete defense to the action inasmuch as the Commonwealth had not consented to be sued in this Court; whereas in the present case, the Court has viewed the action as one against the Commonwealth officials for alleged deprivation of the civil rights of the Plaintiff, and such officials are not entitled to invoke the sovereign immunity of the Commonwealth as a defense to the action.

■ Another argument advanced in the motions to dismiss is that the Plaintiff has not exhausted administrative remedies allegedly available in the jurisdiction of the Commonwealth. In view of the decisions rendered by the Supreme Court of the United States in Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), McNeese v. Board of Education, et al., 373 U.S. 668, 83 S.Ct. 14, 33, 10 L.Ed.2d 622 (1963), and Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), it seems clear that exhaustion of remedies in the state or Commonwealth jurisdiction is not a prerequisite to the invocation of the proper Federal jurisdiction in civil rights cases.

It is the opinion of the Court, therefore, that the arguments relative to exhaustion of remedies set forth in the motions to dismiss are not well-taken.

Moreover, the contention presented by Defendants in oral argument that civil rights remedial statutes are not properly available for the protection of the rights which Plaintiff seeks to protect in this action appears to be entirely inapplicable in this case in view of the fact that the Complaint alleges that a taking of the Plaintiff's property without just compensation has been accomplished by the acts complained of.

Furthermore, the Complaint alleges that this alleged taking of the Plaintiff's property without just compensation has caused severe damages and setbacks to the Plaintiff's lifeline and threatens its sources of income and its existence. Some cases which have been referred to the Court as holding that mere property or monetary rights are not civil rights within the context of the Civil Rights Act and which arise chiefly in state property tax assessment matters, are inapposite to the factual situation presented by the Complaint in this

case in that the thrust of the Complaint in this case is that a violation of the constitutional protection accorded to citizens not to have their property taken without due process and without just compensation, has occurred.

Lastly, Defendants contend that the case is barred by the most analogous statute of limitations, and for this contention they rely upon the one year statute of limitations applicable to tort actions in Puerto Rico. Even assuming, without deciding it, that the one year statute would be applicable, it is evident from the allegations of the Complaint that a continuing tort situation would be involved, and that the bar of such statute of limitations would not be effective to preclude this action.

For the reasons hereinabove stated it is:

ORDERED AND DECREED

1. That the Defendants' motions to dismiss shall be, and the same hereby are, denied.

2. That Defendants shall have 20 days to answer the Complaint.