**INMOBILIARIA BORINQUEN, INC.,**
**Plaintiff,**

v.

**Ramon GARCIA SANTIAGO, Francisco Lizardi, et al., Defendants.**

Civ. A. No. 533–68.

United States District Court
D. Puerto Rico.

July 31, 1969.

Wallace Gonzalez Oliver, San Juan, P. R., for plaintiff.

Jose Trias Monge, San Juan, P. R., for defendants.

ORDER

CANCIO, Chief Judge.

The Department of Justice of the Commonwealth of Puerto Rico filed an Informative Motion on June 23, 1969, whereby it stated that the present complaint had been filed against defendants Francisco Lizardi and Ramón García Santiago in their personal capacities; that the policy of the Department of Justice of the Commonwealth of Puerto Rico was to assume legal representation of Commonwealth officials sued in their official capacity and that it did not assume, nor had it assumed, the legal representation of said defendants in the present case.

On June 30, 1969, plaintiff filed a reply to said Informative Motion whereby it stated several instances in which the Department of Justice has represented defendants Francisco Lizardi and Ramón García Santiago in this suit and whereby it prayed the Court to consider the Informative Motion as a motion to resign the legal representation of defendants Ramón García Santiago and Francisco Lizardi.

The Court notes the fact that in the Motion for Extension of Time to Plead or Allege dated October 23, 1968; in the Motion to Dismiss or Quash Service of October 30, 1968; and in the Memorandum in Support of Motion to Dismiss or Quash Service dated January 21, 1969, the Department of Justice of the Commonwealth of Puerto Rico has appeared either specifically on behalf of defendants Francisco Lizardi and Ramón García Santiago or on behalf of all named co-defendants. The Court will therefore

treat the Informative Motion of June 23, 1969 as a motion for the Department of Justice to withdraw as counsel for the stated defendants.

Article 64 of the Political Code, 3 L. P.R.A. sec. 72, reads as follows:

"The Secretary of Justice shall represent the Commonwealth of Puerto Rico, either in person or through his assistants, or through any one of the prosecuting attorneys, in all suits and proceedings, civil and criminal, to which it is a party, and when requested by the Governor or any head of a department, he may also represent, in any of the courts, any officer, employee or agent of the Commonwealth Government, suing or being sued in his official capacity: Provided, however, That public prosecutions for crime, except as provided for in section 82 of this title, may be instituted and conducted by the proper prosecuting attorney without special authority from the Secretary of Justice, but in all such cases the Secretary of Justice may intervene in the public interest.

"The Secretary of Justice in special cases may require prosecuting attorneys to exchange places for such time as to the Secretary of Justice may seem necessary."

The cases in Puerto Rico, individually examined, show the inveterate practice by the Department of Justice of representing public officials, whenever suing or being sued in their official capacity. The cases clearly show not only the fact of representation, but also that the clear legal duty imposed by article 64 of the Political Code on the Department of Justice has never been questioned, when its requirements have been met. No instance has been cited to the Court, nor does the Court know of any, whereby the Department of Justice of Puerto Rico has withdrawn or attempted to withdraw the legal representation of a public servant acting in an official capacity, after the official leaves office.

The Court has previously ruled, in its Opinion and Order of February 6, 1969, D.C., 295 F.Supp. 203, that defendants Francisco Lizardi and Ramón García Santiago are being sued as officials of the Commonwealth of Puerto Rico acting in their official capacity. The capacity in which they have been sued is in no way altered by the fact that they no longer hold the offices which they served at the time suit was brought. Defendants therefore have the right to be represented in this suit by the Department of Justice of the Commonwealth of Puerto Rico.

The recognition of such right is compelled not only by the terms of article 64 of the Political Code and the understanding thereof through the years by the Department of Justice, but by serious considerations of public policy. To allow the Department of Justice to withdraw as counsel for these defendants would signify that public officials could, upon leaving office, often find themselves orphaned of legal representation in litigation related to the performance of their public service. Such suits could be numerous and complex, and expensive to defend. The official's relationship to the litigation, especially if he was a high official, may have been tenuous and even nominal; his access to the information needed to defend himself may be inadequate. The consequences on the public service of a ruling permitting the withdrawal of legal representation by the Commonwealth under such circumstances would certainly be far-reaching. Promising candidates could be discouraged to enter the public service, especially at high levels, under this added burden. Able officials could tend to become overcautious and hesitant in the discharge of their duties. A community such as ours in which government is called upon to play such a major role in the betterment of conditions cannot afford to strive for less than the highest quality in its public service.

For the reasons hereinabove stated it is:

### Ordered and Decreed

That the Department of Justice's Motion of June 23, 1969 shall be, and the same is hereby, denied.