**CORDECO DEVELOPMENT CORP.,**
**Plaintiff,**

**v.**

**Antonio Santiago VAZQUEZ et al.,**
**Defendants.**

**Civ. No. 803–71.**

United States District Court,
D. Puerto Rico.

Aug. 18, 1972.

1. See: Casablanca v. Tribunal, —— D.P.R. —— (November 3, 1971, 92 Colegio de Abogados 1971).

Charles A. Cordero, San Juan, P. R., for plaintiff.

José A. Anglada, Department of Justice, San Juan, P. R., and Inez Acevedo de Campos, Santurce, P. R., for defendants.

## ORDER

TOLEDO, District Judge.

The controversy before this Court is between an alien corporation, Cordeco Development Corporation, plaintiff, and several named defendants all of whom are alleged to be citizens of and domiciled within the Commonwealth of Puerto Rico. Until the present date only defendant, Antonio Santiago Vazquez, Secretary of the Commonwealth of Puerto Rico Public Works Department, has been served with process and is presently a party defendant in this case.

The jurisdiction of this Court has been invoked under the diversity statute, Title 28, United States Code, Section 1332, and also because of alleged violations of the Civil Rights Act, specifically, Title 42, United States Code, Sections 1981, 1983, 1985, 1986 and Title 28, United States Code, Section 1343. The plaintiff alleges violations of its due

process and equal protection rights under the Federal Constitution.

As far as defendant Antonio Santiago Vazquez is concerned, the only defendant presently before this Court, the plaintiff alleges that the defendant acting under color of law has refused to grant plaintiff a permit for extraction of sand from plaintiff's land and to otherwise pass upon plaintiff's petition for said permit, all in violation of law and plaintiff's federal constitutional rights.

On November 29, 1971, codefendant Antonio Santiago Vazquez filed a motion to dismiss, alleging in essence, that the complaint is in reality an action against the Commonwealth of Puerto Rico, who has not consented to be sued as sovereign. It is also alleged that the civil rights statutes under which the claim for remedies is brought was not designed to support a cause of action involving property rights and that state remedies have not been exhausted.

### SOVEREIGN IMMUNITY

■■■ The action before this Court is clear in alleging that the defendant public officials engaged in specified concerted activity under color of law and title. The complaint is against these public officers in their individual capacity and no attempt is made to impose vicarious liability upon the Commonwealth of Puerto Rico. Therefore, the arguments to the effect that the Commonwealth of Puerto Rico has not consented to be sued, or that the Attorney General for the Commonwealth of Puerto Rico was not served, are not material to the jurisdictional issue before the Court. The doctrine of soverign immunity, applicable to the Commonwealth of Puerto Rico, does not extend its protective umbrella to individuals acting under the color of law and title of their office; Inmobiliaria Borinquen, Inc. v. García Santiago (D.C.P.R.1969), 295 F.Supp. 203. The guise of sovereign immunity cannot be used as a blanket protective cover by all state officials to avoid their personal liability and responsibility for their individual excesses committed under the shield of their office or title. To permit such an extension of the immunity doctrine, would be tantamount to demeaning the very essence of the Civil Rights Act and rendering useless the Federal protection offered by that statute and the Federal constitutional guarantees to persons aggrieved by such state officials.

### PROTECTION OF PROPERTY RIGHTS UNDER THE CIVIL RIGHTS ACT

■■■ The defendant further argues that claims for the deprivation of property rights should be distinguished from constitutionally protected civil rights. The complaint in the case at bar seeks relief in the form of recovery of continuing money damages in excess of $100,000, plus punitive damages, the right by plaintiff to the free use and usufruct of his property, and the legal right to the permit as a consequence of the alleged concerted activity of the defendant public officials in refusing to comply with local law and in refusing to apply local law in an equal manner.

The defendant's identical assertion was raised before the Supreme Court and denied in Lynch v. Household Finance Corp. (1972), 405 U.S. 538, 92 S. Ct. 1113, 31 L.Ed.2d 424. There exists no dichotomy between personal liberty and property rights. It has long been recognized that rights in property are basic civil rights, *Lynch,* supra, p. 552, 92 S.Ct. 1113. See also: Harrison v. Brooks (1 Cir. 1971), 446 F.2d 404; Cobb v. City of Malden (1 Cir. 1953), 202 F.2d 701.

### EXHAUSTION OF STATE REMEDIES

■■ Defendant next argues that plaintiff should exhaust the state remedies available to him, namely the suggestion that a Writ of Mandamus be filed in the Commonwealth Court or that plaintiff seek a hearing before defendant. Where civil rights are asserted, exhaustion of state remedies has not been held to be a prerequisite to the mainte-

nance of a Federal cause of action under Section 1983 of Title 42, United States Code and other provisions of the Civil Rights Act. In King v. Smith (1968), 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118, the Supreme Court established that an action under the Civil Rights Act is not subject to a requirement to exhaust state administrative remedies where the constitutional challenge is sufficiently substantial to require the convening of a three judge court. The plaintiff's claims of violations of his due process and equal protection rights are definitely substantial. See also Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L. Ed.2d 492; McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L. Ed.2d 622 (1963); Damico v. California, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967); Houghton v. Shafer, 392 U.S. 639, 88 S.Ct. 2119, 20 L.Ed.2d 1319 (1968); Wilwording v. Swenson, 404 U. S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971) and Eisen v. Eastman, 421 F.2d 560 (2 Cir. 1969) and Inmobiliaria Borinquen, Inc. v. Garcia Santiago (D.C.P. R.1969), 295 F.Supp. 203.

The defendant readily admits in his Memorandum in Support of Motion to Dismiss (p. 6) that he may have violated Section 3.6 of the Regulations of the Public Works Department (28 R & R PR 220–3(f), which states as follows:

> "(f) Within 60 days following the filing of the petition for permit, the Secretary *will* resolve the same, and when duly justified, he can grant a provisional permit conforming to just terms and conditions until the time he resolves the petition on its merits."

Having ignored plaintiff's procedural rights, as alleged in the complaint, the defendant can not now rely on exhaustion, Dunham v. Crosby, 435 F.2d 1177 (1 Cir. 1970). See also: Vistamar, Inc. v. Santiago Vazquez, 337 F.Supp. 375 (D.C.P.R.1971) and the cases cited in

Marin v. University of Puerto Rico, 346 F.Supp. 470 (D.C.P.R.,1972).

Furthermore, the available remedies suggested by the defendant are of questionable value to plaintiff, since neither the Writ of Mandamus, nor the hearing before the defendant can provide complete relief in the form of recovery of the monetary damages claimed. Therefore, complete adequate relief does not appear to be readily available to plaintiff.

We, therefore, hold that a cause of action has been pleaded by the plaintiff under the Civil Rights Act alleging violations of federal statutory and constitutional guarantees, and this Court has jurisdiction to decide the issues of this controversy under the provisions of 42 United States Code, Section 1985 and 28 United States Code, Section 1343, as well as under the diversity provisions of 28 United States Code, Section 1332.

It is therefore, ordered, that defendants' Motion to Dismiss is hereby denied. In view of our holding today on the jurisdictional issue, it is further.

Ordered, that defendants' Motion to Quash Subpoena and plaintiff's Motion for Sanctions, are hereby denied.

From the record, it is clear that the subpoena served upon the defendant for the taking of his deposition and its service, were properly made and executed. It is therefore, further

Ordered, that said subpoena is modified only to the extent that the date for the taking of the deposition has since lapsed and a new date shall be set by plaintiff and notified to the defendant in accordance with the Federal Rules of Civil Procedure, if plaintiff still wishes to pursue the deposition. Defendant shall answer the complaint within twenty (20) days of the docketing of this order.

It is so ordered.