**GLENWAL DEVELOPMENT CORP.,
Plaintiff,**

**v.**

**Hector L. SCHMIDT, Director Consumer Services Administration, Defendant.**

**Civ. No. 941–71.**

United States District Court,
D. Puerto Rico.

Nov. 16, 1972.

———◆———

Nachman, Feldstein & Gelpi, San Juan, P. R., for plaintiff.

Roberto Armstrong, Asst. Sol. Gen., San Juan, P. R., for defendant.

## MEMORANDUM OPINION

TOLEDO, District Judge.

A preliminary injunction was filed and entered in this action on January 10, 1972, restraining and enjoining the defendant from requiring the plaintiff to guaranty the expenses of repair and correction of defects in the construction of any dwellings constructed or sold by the plaintiff, under color of Section 8 of Act No. 130 of 1967 of the Commonwealth of Puerto Rico. Thereafter, the defendant moved for reconsideration of the order for entry of the injunction; the plaintiff moved to hold the defendant in contempt of the preliminary injunction; the defendant moved to increase the amount of the security required of plaintiff by the injunction; and defendant also moved to stay or dismiss the proceedings due to a petition for review filed in the Commonwealth courts by the plaintiff. Defendant also filed another motion to vacate or modify the preliminary injunction.

With these sundry motions pending, an order was entered on June 29, 1972, setting a hearing for oral argument, and specifically requesting the parties' views on how the doctrine of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1970), and its companion cases, affects the issues presented in this case. The hearing was held and additional memoranda have been received. The matter is now ready for disposition.

*Plaintiff's Motion to Hold Defendant in Contempt*

██ Under date of January 27, 1972, the defendant caused an advertisement to be published, containing statements about this pending action which are inaccurate, and others which appear to contradict the findings of this Court upon which the preliminary injunction was issued. From the defendant's answer to this motion, it appears that he reacted—overreacted is perhaps a better description—to a critical editorial published in a newspaper of general circulation on January 7, 1972. The Court has carefully examined the editorial and the advertisement published in reply. Both may be described as intemperate. However, as a public official, the defendant must be prepared to accept criticism, both just and unjust. He should not meet an attack of this kind with a counterattack of like kind, and he certainly may not do so if his counterattack will violate the terms of a judicial order entered against him.

While the defendant may have committed a technical contempt, his answer assures the Court that this was not intended and through counsel, defendant has assured the Court that the incident will not be repeated. A number of months have passed and nothing has been brought to the attention of the Court which indicates that defendant is not obeying the injunction.

██ The power to punish for contempt is discretionary. This extraordinary power should be exercised with the utmost sense of responsibility and circumspection. Green v. United States, 356 U.S. 165, 188, 78 S.Ct. 632, 645, 2 L.Ed.2d 672 (1958). In the exercise of

its discretion, this Court now denies plaintiff's motion, with the observation that the action of the Court should not be made the subject of any further public outburst.

### Defendant's Motion to Increase the Amount of Security Posted

This motion of defendant comes unaccompanied by any memorandum or affidavit, and is based on averments of fact in the motion which are not a part of the record of this case. Defendant misconceives the purpose of requiring this bond to be posted.

As stated in the injunction, the security is required of the plaintiff to respond "for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined". This security is not intended as, and is not, a means of requiring plaintiff to post the bonds which the Court has found defendant unconstitutionally required of plaintiff. This Court has determined that such requirement can only be imposed in accordance with constitutional standards, and absent those standards, the Court has no more power than the defendant to impose the requirement.

Defendant has presented no reason for increasing the security posted, and his motion is, therefore, denied.

### Defendant's Motions for Reconsideration, To Stay or Dismiss These Proceedings, and To Vacate or Modify The Preliminary Injunction

These motions will be disposed of jointly since the grounds relied on overlap and are common to more than one of the motions.

Defendant first contends that the plaintiff has not exhausted local remedies available to it. Such exhaustion is not required in an action brought under the Civil Rights Act, 42 United States Code, Section 1983. McNeese v. Board of Education, 373 U.S. 668, 83 S. Ct. 1433, 10 L.Ed.2d 622 (1963); King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968); Cordeco Development Corp. v. Vázquez, 354 F.Supp. 1355 (D.C.P.R.1972); Marín v. University of Puerto Rico, 346 F.Supp. 470 (D.C.P.R. 1972).

As a corollary argument, defendant relies on Fornaris v. Ridge Tool Co., 400 U.S. 41, 91 S.Ct. 156, 27 L.Ed.2d 174 (1970) for his contention that this Court should abstain from deciding this case until the courts of the Commonwealth of Puerto Rico have ruled on the issues. This misconceives the nature of the issues presented and the import of the Fornaris case. Plaintiff has repeatedly stated that it does not attack the constitutionality of the Commonwealth statute under which the defendant purported to act. It is the failure of the defendant to comply with that very statute of which complaint is made. Defendant has required some builders to post bonds and has exempted other builders from the requirement without promulgating rules and regulations in accordance with authority granted to him by the statute. Neither party has called attention to any ambiguity in the statute which requires interpretation. The doctrine of abstention as applied in Fornaris v. Ridge Tool Co., supra, is not here applicable. The situation here presented is similar to that in Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800 (1941), where the Supreme Court said:

> ". . . an attack on lawless exercise of authority in a particular case is not an attack upon the constitutionality of a statute conferring the authority even though a misreading of the statute is invoked as justification". 312 U.S. at 252, 61 S.Ct. at 484.

Not even the misreading is here invoked as justification. The defendant contended at the hearing on the motion for preliminary injunction that an internal memorandum from one of his subordinates to him constituted the norms applied in execution of the statute. The legislature of the Commonwealth of Puerto Rico specifically provided that

the rules and regulations not of an internal character be promulgated after public notice and the holding of public hearings. 23 Laws of Puerto Rico Annotated, Section 1005(a). There is no suggestion of compliance with this requirement in the record before this Court.

■ What has been said also dispose of the contention that a three-judge court must be convened pursuant to 28 United States Code, Section 2281. Since there is no attempt to have the Commonwealth statute declared unconstitutional, and what is here challenged is a single exercise of the prerogatives of the defendant's office, the convening of a three-judge court would actually be improper. Phillips v. United States, supra. There is no merit to the argument that the effect of the preliminary injunction herein extends to all builders in Puerto Rico. For all that appears in this record, the orders directed by the defendant to other builders are being complied with. No other party has sought to intervene in this action, and defendant has not called the attention of this Court to any other pending action seeking similar relief. The restraint imposed upon defendant is temporary and the means to lift the restraint are in his power.

■ The petition for review of defendant's order filed by plaintiff in the Superior Court of the Commonwealth of Puerto Rico does not defeat the jurisdiction of this Court nor require that these proceedings be stayed. A copy of the petition for review was annexed as an exhibit to defendant's motion to stay or dismiss these proceedings. The petition discloses that plaintiff has raised constitutional issues before the Commonwealth court, which plaintiff sustains are not the same issues herein presented since the issues in the Commonwealth court relate to the Constitution of the Commonwealth of Puerto Rico and the issues here presented relate to the Constitution of the United States of America. The doctrine of due process of law, of equal protection of the laws and protection from deprivation of property without just compensation are found in the Constitution of the Commonwealth of Puerto Rico. Article II, sections 7 and 9.

■ Although the same sources and authorities of law will probably be used by both the Commonwealth court and this Court in resolving the issues presented, this of itself does not create an identity of issues. A litigant who has properly invoked the jurisdiction of a Federal District Court to consider federal constitutional claims cannot be compelled, without his consent and through no fault of his own, to accept instead a state court's determination of those claims. England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964). The plaintiff here denies submitting its federal claims to the Commonwealth courts, and there is nothing in the record to indicate that those claims have been litigated and decided there. The petition for review of defendant's ruling is not a basis for staying this proceeding, nor a bar which requires dismissal of same.

Upon analysis, Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1970), and its companion cases, Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1970), Boyle v. Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1970), and Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1970), are not apposite. The prohibition of Title 28, United States Code, Section 2283 against injunction to stay proceedings in State Courts, is not here invoked since no such injunction is requested nor has it been issued. This action is brought under Title 42, United States Code, Section 1983. Even where an injunction against State court proceedings sought in this action, Section 2283 would not be a bar under the holding in Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972).

The remaining grounds advanced by defendant for vacating the preliminary injunction do not warrant discussion.

The constitutional issues presented are substantial. Defendant states his disagreement with some of the findings of fact on which the preliminary injunction was based, but his statements have failed to convince this Court that any of the findings are unsupported by the evidence or incorrect in any material respect.

Defendant's motions for reconsideration, to stay or dismiss these proceedings, and to vacate or modify the preliminary injunction are, therefore, denied.

An order will be entered in accordance with this opinion.