**Fred NASRALAH, Plaintiff,**

v.

**Carlos Romero BARCELO, personally and in his official capacity as Governor of the Commonwealth of the Puerto Rico, et al., Defendants.**

Civ. No. 78–2285.

United States District Court,
D. Puerto Rico.

March 2, 1979.

Rubén Rivera Ramos, Bayamón, P. R., for plaintiff.

Nereida Benito de Parada, Dept. of Justice, San Juan, P. R., for defendants.

## OPINION AND ORDER

TORRUELLA, District Judge.

Plaintiff has brought this action pursuant to the provisions of 28 U.S.C. §§ 1331 to 1343, and 2201 and 2202, seeking injunctive relief and damages under 42 U.S.C. §§ 1981, 1983, 1984, 1985 and 1986.

Plaintiff alleges that he is the owner of two parcels of land in the Municipality of Bayamón; that in 1963 and 1964 the Planning Board decided to freeze the use of the parcels and rezoned them from residential to public use; that repeated attempts to sell the properties to the Government or otherwise receive compensation have been made by Plaintiff to no avail and that the value of Plaintiff's property has been thereby impaired for more than thirteen years. In his prayer, Plaintiff requests an award of

$1,000,000 in punitive damages and an order directing Defendants to acquire the parcels in question at a value surpassing 1.3 million dollars.

The named Defendants herein are: "Carlos Romero Barceló, personally and in his official capacity as Gobernor (sic) of the Commonwealth of Puerto Rico; Elmer Olivieri Cintrón, personally and as Secretary of the Department of Transportation and Public Works of the Commonwealth of Puerto Rico; Carlos Soler Aquino, personally and [as] director of the Office of Land Acquisition of the Department of Transportation and Public Works of the Commonwealth of Puerto Rico; Miguel Rivera Ríos, personally, and as President of the Planning Board of the Commonwealth of Puerto Rico; Miguel Jiménez Muñoz, in his official capacity as Secretary of the Department of Justice of the Commonwealth of Puerto Rico [and] the Commonwealth of Puerto Rico."

Two separate motions to dismiss have been filed by the Defendants on the ground of failure to state a claim and lack of jurisdiction. These motions, which have not been opposed by the Plaintiff, are the object of our present endeavor.

■ At the outset, and without further discussion, we rule that any claim against the Commonwealth of Puerto Rico must fall, as being clearly barred by the Eleventh Amendment. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Litton Industries Inc. et al. v. Colón et al.,* 587 F.2d 70 C.A. 1, 1978); *Salkin v. Commonwealth of Puerto Rico,* 408 F.2d 682 (C.A. 1, 1969).

The claims against the remaining Defendants must also be dismissed for the reasons set forth hereinafter.

■ In previous cases resemblant to the one at bar, this Court has generally deemed the argument of sovereign immunity inapposite where the actions have been brought against Commonwealth officials in their official and individual capacity. *Hotel Coamo Springs, Inc., v. Hernández Colón,* 426 F.Supp. 664 (D.C.P.R., 1976); *Inmobiliaria Borinquen Inc. v. García Santiago,* 295 F.Supp. 203 (D.C.P.R., 1969). This result, however, ought to be viewed against the type of relief sought in each case. Hence, where the remedy requested is the actual condemnation of the property by Commonwealth Defendants, the Eleventh Amendment bars the suit, because the real party in interest in such cases is the Commonwealth itself.[1] See, *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 464, 65 S.Ct. 347, 89 L.Ed. 389 (1945). This is so because the Eleventh Amendment prevents private parties from seeking to impose a liability which must ultimately be paid from public funds in the State Treasury. *Edelman v. Jordan,* supra, 415 U.S. at 663, 94 S.Ct. 1347, citing *Kennecott Copper Corp. v. State Tax Comm'n.* 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862 (1946).

■ In order to hold an individual Defendant liable without transgressing the mandates of the Eleventh Amendment, a valid cause of action *against him* must be alleged. *Litton Industries, Inc. v. Rafael Hernández Colón,* supra, at 74. The complaint herein sets forth a claim for the inverse condemnation of property. The only remedy is clearly one for which the Commonwealth of Puerto Rico, and not the individuals named as Defendants, would be liable. See, 32 L.P.R.A. 2901–2920; *P.R. Railway, Light & Power Co. v. Ortiz,* 59 P.R.R. 912 (1942). Therefore, the constitutional barriers of sovereign immunity compel us to dismiss this claim as to all the Defendants. *Litton Industries, Inc.,* supra.

■ We will now address ourselves to the alternative prayer for damages. In this context, we are mindful that a valid cause of action for damages may lie against public officials for freezing and/or taking of property. See, *Hotel Coamo Springs Inc. v. Hernández Colón,* supra; *Vistamar, Inc. v.*

---

1. This has been expressly decided in several unpublished opinions of this Court. See, e. g. *Urbanizadora Versalles, Inc. v. Rafael Alonso Alonso,* Civ. 76–1422 (May 5, 1978); *Gotay* *López v. Carlos Romero Barceló,* Civ. 77–974 (February 16, 1978); *Pagán Viera v. Rafael Hernández Colón,* 76–777 (February 14, 1977).

*Vázquez,* 337 F.Supp. 375 (D.C.P.R., 1971); *Inmobiliaria Borinquen Inc. v. García Santiago, supra.* This proposition however, does not immunize this case from the strict requirements which are otherwise applicable to civil rights actions.

■ It is well settled that executive and administrative officials who perform discretionary acts enjoy a qualified good faith immunity from damages in actions like the instant one. *Wood v. Strickland,* 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975); *Scheuer v. Rhodes,* 416 U.S. 232, 247, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Thus compensatory awards are appropriate only if the Defendant has acted with impermissible motivation or with bad faith disregard of the Plaintiff's constitutional rights. *Wood v. Strickland, supra* 420 U.S., at 322, 95 S.Ct. 992.

■ Under the prevailing rule in our Circuit, a complainant in a civil rights action for money damages has the affirmative obligation to allege the absence of good faith with sufficient particularity. *Gaffney v. Silk,* 488 F.2d 1248, 1250–1251 (C.A. 1, 1973); *Kostka v. Hogg,* 560 F.2d 37, 40–41 (C.A. 1, 1977). This is in harmony with the black-letter requirements of alleging sufficient facts pointing towards a *personal involvement* of the Defendant in conduct violative of some constitutional right of the Plaintiff. *Kadar Corp. v. Milbury,* 549 F.2d 230 (C.A. 1, 1977); *Gittlemacker v. Prasse,* 428 F.2d 1, 3 (C.A. 3, 1970).

■ The complaint filed in this case, even when read in a light most favorable to the Plaintiff, fails to satisfy the aforementioned criteria. It does not even allege rudimentary facts to support the conclusory averment that the acts of Defendants "have been unlawful, illegal, abusive and oppressive", much less sufficient facts pointing towards the absence of good faith. In this context, we are not willing to "accept conclusory allegations on the legal effect of the events Plaintiff has set out if these allegations do not reasonably follow from his description of what happened . . ." Wright & Miller, *Federal Practice and Pro-*

*cedure,* Civil, § 1357, quoted with approval in *Kadar Corp. v. Milbury, supra,* at 233. Although the official duties of each individual Defendant here are succinctly set forth in the complaint, there is simply no indicia as to what, specifically, any of them are supposed to have done in violation of the Constitution. This renders the complaint defective with regard to the monetary damages sought.

This case is hereby dismissed on the aforementioned grounds. The Clerk of the Court shall enter Judgment in accordance with this opinion.

IT IS SO ORDERED.