Myriam E.
LABORDE–GARCIA, Plaintiff,

v.

PUERTO RICO TELEPHONE COMPA-NY, Pedro Galarza, Edna Paz–De–Longo Julio Cesar Miranda, Julio Rodriguez Efren Perez–Quinones, Pedro Santiago–Morales and Olga Ferrer all in both their official and personal capacity, Defendants and Third–Party Plaintiffs,

v.

PUERTO RICO STATE INSURANCE FUND, Jorge Marquez–Gomez, in his official capacity as Acting Administrator of the Puerto Rico State Insurance Fund; Dr. Jesus H. Sanchez–Valdez, in his official and personal capacity, as San Juan Regional Medical Director of the Puerto Rico State Insurance Fund, Dr. Sheila A. Rivera, in her official and personal capacity as Medical Inspector at the San Juan Regional Office of the Puerto Rico State Insurance Fund; and Rafael Valle, in his official and personal capacity as Regional Director of the San Juan Regional Office of the State Insurance Fund, Third–Party Defendants.

No. Civ. 88–1986CC.

United States District Court, D. Puerto Rico.

April 17, 1990.

Ramonita Dieppa–González, San Juan, P.R., for plaintiff.

José J. Santiago, Fiddler, González & Rodríguez, San Juan, P.R., for defendants and third-party plaintiffs.

Alice Net–Carlo, García–Rodón, Correa–Márquez & Valderas, Hato Rey, P.R., for third-party defendants.

OPINION AND ORDER

CEREZO, District Judge.

Defendants and third-party plaintiffs, the Puerto Rico Telephone Company (hereinafter referred to as P.R.T.C.), and its officers Pedro Galarza, Edna Paz de Longo, Julio César Miranda, Julio Rodríguez, Efrén Pérez Quiñones, Pedro Santiago and Olga Ferrer, filed a third-party complaint on March 21, 1988 against the Puerto Rico State Insurance Fund (the Fund) and its

officers, Jorge Márquez Gómez, Jesús H. Sánchez Valdés, Sheila A. Rivera, and Rafael Valle.

The third-party plaintiff alleges that the Fund and its officials violated their right to due process of law secured by the Constitutions of the United States and Puerto Rico by failing to notify them of a change in the status of a work-related accident suffered by plaintiff Myriam Laborde. This work-related accident was first classified, through an official decision dated September 7, 1988, as a recurrence of a prior accident suffered by plaintiff on July 7, 1986. Afterwards, on October 6, 1988, the P.R.T.C. dismissed plaintiff from her job for having exhausted her rights under 11 L.P.R.A. § 7, without requesting reinstatement. On October 24, 1988 a Special Medical Report was made by the Fund re-classifying the work-related accident in question as a new accident and not as a recurrence. The P.R.T.C. and its officials allege that they were never notified by the Fund of this change in status.

Third-party defendants have filed a Motion to Dismiss (docket entry 23) arguing that the P.R.T.C. lacks standing to bring this Section 1983 action. Their arguments are, first, that Section 1983 provides a remedy for private persons and is not intended to protect governmental entities and second, that the P.R.T.C., as a public corporation, is not a citizen with privileges and immunities secured by the Fourteenth Amendment and, therefore, it has no constitutional right to protect in a Section 1983 cause of action.

Third-party plaintiffs opposed the motion (docket entry 27), attacking the characterization of the P.R.T.C. as public corporation similar to a municipality. In support of their contention they argue that the P.R.T.C. has been consistently denied Eleventh Amendment immunity. According to its arguments, it is not an arm of the state but, instead, an independent entity with capacity to sue and be sued under Section 1983. Regarding the Fund's second argument, P.R.T.C. cites case law holding that corporations are customarily treated as legal persons for purposes of the Fourteenth Amendment's due process and equal protection clauses and for this reason; that they, therefore, qualify as plaintiffs in actions under Section 1983 to vindicate their constitutional rights.

■ In evaluating the standing issue raised by the Fund it does not necessarily follow that the denial of P.R.T.C.'s immunity for not being an arm of the state is tantamount to a finding that it is not a governmental unit. The Supreme Court of Puerto Rico itself has recognized the P.R.T.C. as a political subdivision of the state. *See Torres Ponce v. Jiménez,* 113 D.P.R. 58, 67 n. 21 (1982). The denial of Eleventh Amendment immunity to the P.R.T.C. strengthens the position that it is an entity analogous to a municipal corporation.[1] The fact that the P.R.T.C. has some characteristics of a private corporation does not thwart its similarity to municipal corporation status. *See Spence v. Boston Edison,* 390 Mass. 604, 459 N.E.2d 80 (1983). We need not enter the standing issue raised by the Fund regarding whether municipalities and local government units are proper plaintiffs under this statute, however, inasmuch as we find that the P.R.T.C. lacks constitutional protection under the Fourteenth Amendment.

■ P.R.T.C.'s arguments supporting Fourteenth Amendment protection are based on several cases holding that corporations are treated as "legal persons" for purposes of the Fourteenth Amendment's due process and equal protection clauses and "can qualify as plaintiff in Section 1983 actions to vindicate these and other federal constitutional and statutory rights.[2] The

---

1. In *Mt. Healthy School Dist. v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977) and *Lake Country Estates v. Tahoe Regional Planning,* 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979) the Eleventh Amendment immunity was denied to the government entities involved after a finding that they were compara-

ble to subdivisions, such as municipalities and counties, rather than to agencies considered as arms of the state.

2. *See North Mississippi Communications, Inc. v. Jones,* 792 F.2d 1330 (5th Cir.1986); *Physicians' Serv. Med. Group v. San Bernardino Cty.,* 825

cases, however, are not dispositive of the issue here since none of the plaintiff corporations involved were public corporations.

The case law is clear in holding that a municipal corporation does not enjoy the constitutional guarantees of due process. *Applying Cty. v. Municipal Elec. Authority of Ga.,* 621 F.2d 1301 (5th Cir.1980); *Spence v. Boston Edison Co., supra, South Macomb Disposal v. Township of Washington,* 790 F.2d 500 (6th Cir.1986) and the cases cited therein.

It must therefore be concluded that the P.R.T.C. has no privileges or immunities under the Fourteenth Amendment which could be vindicated in a Section 1983 action. This rule applies even in cases such as this one, in which the defendant is also a subdivision of the state. *See Village of Arlington Hts. v. Reg. Transp. Authority,% 653 F.2d 1149, 1153 (7th Cir.1981);* City of South Lake Tahoe v. California Tahoe, *625 F.2d 231, 233 (9th Cir.1980);* Spence v. Boston Edison, supra.

 We turn now to the issue of the individual P.R.T.C. officers. According to P.R.T.C., the dismissal motion is aimed only to the corporate entity and the Fund's arguments regarding the P.R.T.C.'s lack of due process protection do not extend to its officers who were sued in their personal and official capacities.

Although the caption implies that the third-party plaintiffs are bringing their complaint in both their individual and official capacities, the third-party complaint fails to state a cause of action by P.R.T.C. officials in their individual capacity. Any duty on the part of the Fund to disclose information to the P.R.T.C.'s officer would be because of the fact that they are officials; that is, no process would be due to them as individuals in the context of the facts of this case.

Moreover, the judicial fiction of bifurcation of the official and individual capacity enunciated in *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), was created to allow recovery of money damages by overcoming the impediment of sovereign immunity. Its purpose is to characterize the illegal or unconstitutional acts of government officials done in the course of employment as their own, for which they might personally respond. This concept would have no application to a plaintiff. Inasmuch as the real party in interest in an official-capacity suit is the entity represented and not the individual office holder, *Harcher v. May,* 484 U.S. 72, 108 S.Ct. 388, 393, 98 L.Ed.2d 327 (1987), we are once again back to square one with P.R.T.C.'s lack of a cause of action under Section 1983 and no due process protection under the Fourteenth Amendment.

Accordingly, for the above-stated reasons the State Insurance Fund Motion is GRANTED. The third-party complaint is hereby DISMISSED.

SO ORDERED.

---

F.2d 1404 (9th Cir.1987); *Comtronics Inc. v. Puerto Rico Tel. Co.,* 409 F.Supp. 800 (D.C.P.R. 1975), *aff'd.* 553 F.2d 701 (1st Cir.1977); *Wack-*

*enhut Corp. v. Unión de Tronquistas de P.R., Loc. 901,* 336 F.Supp. 1058 (D.C.P.R.1971).